JOHN W. WAUGHOP, Exr.

*v.*

NELSON S. BARTLETT *et al.*

*Filed at Ottawa November 9, 1896—Rehearing denied March 4, 1897.*

1. EXECUTORS AND ADMINISTRATORS—*section 70 of the Administration act construed.* Section 70 of the Administration act, (Rev. Stat. 1874, p. 116,) providing that all demands not exhibited within two years after the granting of letters of administration shall be forever barred, etc., is merely a specific act to facilitate the administration of estates, and is not a general statute of limitations.

2. SAME—*claims not filed are not barred except as to participation in inventoried assets.* Failure to file a claim against the estate of a deceased person within two years after the granting of letters of administration does not bar the claim itself, but merely the right to claim a distributive share in the inventoried property.

3. SAME—*mortgagee relying solely on his security need not probate his claim.* A mortgagee relying entirely on his security need not, upon the death of the mortgagor, probate his claim against the estate, but may foreclose, upon default, against the property on which he has a lien.

4. SAME—*effect of inventorying mortgaged property as assets.* The fact that an executor inventories mortgaged lands as assets of the estate will not affect the mortgagee's right to foreclose without first probating his claim, as such executor can only inventory the title held by his decedent.

5. SAME—*to reach inventoried assets a mortgagee must probate claim.* A mortgagee desiring to have recourse on inventoried assets in the event of a deficiency after sale of the mortgaged property, must probate his claim.

6. SURETY—*when failure to probate a note will release surety.* Where the estate of a deceased person is sufficient to pay all claims, the failure by a holder of decedent's note to file the same as a claim against the estate will operate to release a surety thereon.

7. EVIDENCE—*burden of proof when payments on note are endorsed in payee's handwriting.* Where payments on a note, or for interest thereon, are all endorsed in the payee's handwriting when the maker was not present, it devolves upon the holder, relying on such payments to avoid the bar of the statute, to show they were made by the maker or some one in authority for him.

8. LIMITATIONS—*payment by personal representative revives cause of action.* Payment by a personal representative who has unquestioned authority on an indebtedness otherwise barred will bind

those whom he represents, and take the indebtedness out of the bar of the Statute of Limitations.

9. SAME—*unauthorized payment by one joint maker will not stop the running of the statute against the other.* One joint maker of a note can not, by payment thereon or any other act, stop the running of the Statute of Limitations against another joint maker, except when duly authorized for that purpose.

10. NOTICE—*mortgagee after recording mortgage is not charged with notice of subsequently recorded instruments.* A mortgagee, having duly recorded his mortgage, will not be charged with constructive notice of the contents of instruments afterwards filed for record.

11. MORTGAGES—*foreclosed after death of trustee without appointment of another.* A power of sale given by a trust deed cannot be executed, after the death of the trustee named therein, without the appointment of a new trustee, but the deed may be foreclosed in chancery without such appointment.

*Waughop* v. *Bartlett*, 61 Ill. App. 252, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is an appeal from the Appellate Court for the First District affirming a decree of the Superior Court of Cook county in a bill to foreclose a trust deed in the nature of a mortgage. The trust deed, with the note which accompanied it, was for the sum of $6000, bearing date January 1, 1876, and was executed by Ellen Waughop, since deceased, and John W. Waughop, her husband, conveying certain real estate in the city of Chicago. The note, by its terms, was payable five years after date, with interest at eight per cent, and was signed by both the above named parties. The note bore a credit of $1000, paid as of date May 17, 1880, on the principal, and the balance of $5000 was on January 1, 1881, extended for one year, with a reduction of interest to seven per cent. Indorsements on the note show the interest paid to January 1, 1890. Ellen Waughop, the principal maker of this note, died in February, 1888, leaving a last will and testament, in and by which she named John W. Waughop, her

husband and appellant in this case, as her executor and trustee. He accepted the trust and duly qualified, and letters testamentary were issued to him March 15, 1888.

The note in question, secured by the deed of trust, was not probated against the estate of Ellen Waughop within two years after the granting of letters testamentary, nor at any time, but on April 9, 1894, a bill in chancery was filed in the Superior Court of Cook county to foreclose this trust deed. To this bill John W. Waughop, surviving husband of Ellen Waughop, together with all the heirs-at-law of Ellen Waughop, were made parties defendant. By the deed of trust before mentioned, one Robert C. Wright was named as trustee, and in the event of his death John A. Tyrrell was named as successor in trust, with like power to act. The bill sets forth that Wright died in December, 1879, and that the legal title then vested in Tyrrell, and that Tyrrell died on July 8, 1887. The bill also makes the widow and heirs of John A. Tyrrell, the successor in trust, parties defendant. The bill is otherwise in the ordinary form of a bill to foreclose a trust deed of this character, and prays execution against John W. Waughop for any balance that shall remain due to the orators of the principal and interest on said note if the sale under decree thereof shall fail to realize sufficient to pay the whole debt. John W. Waughop was, as before stated, made a party defendant, but not in his official capacity as executor of the last will and testament of Ellen Waughop, deceased.

A demurrer was filed to the bill by John W. Waughop upon the ground that he was not made a party defendant in his capacity as executor and trustee, and this being overruled, he filed an answer on the part of himself individually and also as executor of the last will and testament of Ellen Waughop, deceased, joining therein the heirs of Ellen Waughop, deceased. By this answer the defendants in substance set up as a bar to the prosecution of this suit the seventh clause of section 70 of chapter 3

of the Revised Statutes, relating to the administration of estates of deceased persons, and which provides: "All demands not exhibited within two years, as aforesaid, shall be forever barred, unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate," etc. It is also urged in the answer of defendants to this suit, that the note is barred by sections 11 and 16 of chapter 83 of the Revised Statutes, which together constitute the ten years statute of limitations on evidence of this character. Various other matters in defense were set up in the answer, which will be considered in the opinion in this case. The foregoing were, however, the principal matters of defense relied upon by appellant.

The cause was referred to the master in chancery of the Superior Court of Cook county to take proof and report his conclusions of law and of fact. The master reported, finding that neither of the sections of the statute above quoted was a bar to the prosecution of this suit and that no defense existed, whereupon the court, upon a hearing, approved of the report of the master, and entered a decree of foreclosure and sale of the premises described in the trust deed. On appeal to the Appellate Court for the First District this decree was affirmed, from which decree of affirmance this appeal is prosecuted to this court.

JOHN W. WAUGHOP, *pro se.*

WILLIAM ODELL CLARK, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The facts in the case are fully set forth in the statement. The proposition most strongly urged by appellant is, that it is the duty of the holder of a note secured by a

mortgage or deed of trust, the maker of which has died,
to present the debt for allowance in the probate court
within two years after the issuing of letters testamentary
or of administration, and that a failure so to do will,
under the seventh clause of section 70 of chapter 3 of the
Revised Statutes, operate as a bar except as to subse-
quently discovered assets not inventoried, and it is ar-
gued that the note being thus barred and being the debt
itself, of which the mortgage is only an incident, no suit
could be maintained to foreclose the mortgage or deed of
trust given to secure the payment of the note.

The section of the statute relating to the presentation
of claims against the estate of a deceased person is not
a general statute of limitations taking away all remedy,
both personal and against the property of a person de-
ceased. It is a specific act, adopted for the particular
purpose of facilitating the early settlement of estates.
This court said in *Peacock* v. *Haven*, 22 Ill. 23 : "As we
understand that section, and as it has been construed by
this court, and as its plain language seems to import, a
claim is not barred if not presented within two years,
but simply the right to claim a distributive share in or
any participation out of the property actually inven-
toried." To hold that a claim is absolutely barred to the
same effect as by a general limitation act would be to
deprive a creditor of the unquestioned right, given him
by the section of the statute itself, to recover a judgment
after two years and satisfy his claim out of subsequently
discovered assets not inventoried. This remedy has been
frequently found by this court to exist in the many cases
where the question has been before it. (*Snydacker* v. *Swan
Land Co.* 154 Ill. 220; *Darling* v. *McDonald*, 101 id. 370; *Rob-
erts* v. *Flatt*, 142 id. 485; *Russell* v. *Hubbard*, 59 id. 335.) As
has been held in such cases, however, the judgment
should be special, and not general. A failure, therefore,
by appellees in the present case to file their claim against
the estate of Ellen Waughop, deceased, within two years

from the issuing of letters testamentary, had the effect of barring the note as a claim against her estate,—that is, they could not participate or take any part in the distribution of the general assets of the estate if the note itself were the only evidence of the indebtedness. And the further effect of not so presenting this claim also would have been to discharge the appellant as a surety on the note, to the extent the note might have been collected from the estate of Ellen Waughop. Rev. Stat. chap. 132, sec. 3; *Huddleston* v. *Francis*, 124 Ill. 195; *Field* v. *Brokaw*, 148 id. 654.

It cannot, in the light of the foregoing authorities, therefore, be seriously urged that a failure to file a claim against the estate of a deceased person will operate as an absolute bar to the debt where not otherwise barred, but its only effect is to prevent any participation in the inventoried assets of the estate.

Appellant, however, insists that the particular property conveyed in the deed of trust was inventoried as part of the estate of Ellen Waughop, and no claim having been filed, appellees could not therefore have recourse to this property. This brings before us for consideration the proposition whether it is incumbent on the holder of a note secured by mortgage or deed of trust to probate his note when the maker is dead, and on a failure to so do, whether or not he can, after the expiration of two years, resort to the mortgaged premises to make his debt, such premises having been properly inventoried as assets.

The right of action of the mortgagee or legal holder of a note is independent of the remedy given him by filing his claim in the probate court, and a failure to so present his claim in the probate court within two years will not, of itself, bar a right of foreclosure of a note and mortgage not otherwise barred. Such a proceeding is not one against an estate nor is it one *in personam*. It is in the nature of a proceeding *in rem* to enforce certain security specially set apart for the indemnity of the holder of the

note. In *Karnes* v. *Harper*, 48 Ill. 527, it is said (p. 529): "In a proceeding to foreclose a mortgage in chancery the decree ascertains the sum due and orders the sale of the specific property for its satisfaction. It is in the nature of a decree *in rem.*"

Where land is encumbered by mortgage or deed of trust the mortgagee is held in law to be the owner of the fee. (*Esker* v. *Heffernan*, 159 Ill. 38; *Taylor* v. *Adams*, 115 id. 570; *Finlon* v. *Clark*, 118 id. 32). The equity of redemption only is vested in the mortgagor or his assigns. Where mortgaged lands, therefore, descend to an executor or trustee he acquires no greater title than had his decedent, and that is a mere equity of redemption. All he can properly inventory is this right or interest in the land. All that appellant in this case inventoried was an equity of redemption, and when appellees seek to foreclose their trust deed and have a decree of sale they are not participating in inventoried assets, but are enforcing their claim against an estate before then conveyed to them, and an estate which the executor or administrator had no right to inventory. The equity of redemption was an interest, only, which, by operation of the terms of the instrument itself, had been forfeited to the greater estate.

Upon the execution and delivery of a note and mortgage specific property is thereby set aside and a lien created upon it for the payment of the debt. Upon the death of the maker, if the debt be not due no proceeding to foreclose could be maintained. If the holder of the note be then required to probate his claim, it would follow that instead of being permitted to resort to specific security he must stand on a par only with other creditors who had acquired no such lien. The effect of this would be to unjustly deprive him of such additional security. In the case of *Dodge* v. *Mack*, 22 Ill. 93, a judgment had been rendered and an execution issued and placed in the hands of the officer before the death of the judgment debtor, and the question presented was, whether the death of the de-

fendant in the execution would prevent a levy and sale under such execution. This court held in the negative, and in its opinion said (p. 96): "Yet that there are cases where the debt may be collected without filing the claim and sharing in the distribution of the assets is undoubtedly true, as where the creditor holds a mortgage on property of deceased, or where property has been pledged to secure the payment of the debt, or where there has been a recovery and an execution issued and levied in the lifetime of the deceased. In each of these cases the property thus bound may be sold, after the debtor's decease, in satisfaction of the debt. In each of these cases the creditor has acquired a lien, and the specific property has been appropriated, either by the debtor or by the law, for its satisfaction, and the death of the debtor can in nowise affect the rights of the creditor." When appellant, therefore, as executor, took this particular property he did so subject to all the liens existing and in the same situation it was held by his testatrix. Her death could not in any way affect the lien of appellees' mortgage, nor would the fact of their filing or neglecting to file a claim in the probate court in any manner affect it. The right to file and have allowed a claim of this character, under the statute relating to the administration of estates, is only an additional remedy afforded the holder of a note secured by a real estate mortgage, and where he may desire to secure judgment over for any deficiency which may result after the sale of the specific property in which he has a lien or where he may desire to hold liable a surety on the note. The mortgagee's right to a prompt foreclosure of his mortgage is not, however, to be in any manner impeded by compelling him to first resort to any personal remedy. (*Palmer* v. *Snell*, 111 Ill. 161.) If he desires any judgment for deficiency, or recourse to any security not specifically pledged, he must proceed within the two years, in conformity with the statute. *Roberts* v. *Flatt*, 142 Ill. 485.

The right of the mortgagee to foreclose his mortgage against the property of a deceased person two years after the issuing of letters, and where no claim had been probated, is recognized in the case of *Field* v. *Brokaw*, 148 Ill. 654, and also in Jones on Mortgages, (vol. 2, sec. 1214,) where it is said: "The rule applies to a particular statute limiting the time within which claims against the estate of a deceased person might be presented or sued. The debt is not paid or satisfied by failure to present or sue it within the time limited, and the remedy on the mortgage may still be pursued." We recognize the general rule that where the note is barred, the mortgage being but an incident to it, all right of action on the mortgage is also barred, but the note is not barred on account of the failure to probate it within the two years. The case of *Mulvey* v. *Johnson*, 90 Ill. 457, supports the foregoing reasoning. In that case a bill to foreclose a mortgage was filed against the administrator, widow and heirs more than two years after letters were issued. This court recognized the right to do this, but very properly reversed the decree of the circuit court for the reason that it provided that any deficiency should be paid by the administrator out of the assets of the estate and awarded execution therefor.

We are referred to authorities of the Texas and Florida courts which would seem to support appellant's contention, but we find, on investigation, that in those States the remedy is regulated by statutes which hold, in substance, that no creditor shall begin suit without first having presented his claim to the administrator. Such is not the law in this State, and the authorities are not applicable.

Another defense urged by appellant to the prosecution of this suit is, that the note is barred by the 11th section of chapter 83 of the Revised Statutes, which provides: "No person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the

nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues." In *Schifferstein* v. *Allison*, 123 Ill. 662, it is held that the above section must be construed with section 16 of the same act, which provides: "Action on bonds, promissory notes, * * * shall be commenced within ten years next after the cause of action accrued; but if any payment or new promise to pay shall have been made in writing * * * within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay."

The note in this case shows indorsements of interest thereon, at regular semi-annual periods, from its date up to January 1, 1890. These indorsements of interest were all made by the holder of the note or his representative in the State of Massachusetts. Of themselves they would not constitute a new promise. Where payments on a note, or interest thereon, are all indorsed in the handwriting of the payee of the note when the maker was not present, it will devolve on the holder of the note to show that such payments were in fact made by the payer or some one in authority for him. *Drury* v. *Henderson*, 36 Ill. App. 521; *Lowery* v. *Gear*, 32 Ill. 382; *Stearns* v. *Sweet*, 78 id. 446.

Appellant admits by his answer, and in addition to that the proof shows, that the payment of $175 interest as of June 12, 1890, as well as previous payments, were made by him, but he asserts that such payments were made in his own name, on his individual responsibility, and as a surety on the note. At the time of the last payment, of date June 12, 1890, appellant was executor of the last will and testament of Ellen Waughop. One of the provisions of her will, the conditions of which appellant accepted in writing previous to qualifying as executor, is as follows, after the words of devise to her executor and the description of the mortgaged real estate with other property: "But all and singular the aforesaid lots and premises are granted, bequeathed and conveyed

to my said executor and trustee in trust, to and for the following uses and purposes, that is to say, with power to collect all rents thereof, and use the same to pay taxes and assessments that may be levied thereon; to make and pay for the necessary repairs to said premises, and to pay the interest on certain incumbrances on a part of said premises, * * * and whatever can be saved to pay off the incumbrances on a part of said premises." By this will, dated August 9, 1887, the testatrix clearly referred to this indebtedness as an incumbrance on the property, and made specific directions to her executor to pay interest. Appellant, after qualifying as executor and trustee, filed in the probate court of Cook county his inventory, in which he described this property as "encumbered for $5000 to Samuel E. Sawyer, of Boston, with interest at seven per cent," etc., thus clearly recognizing the existence and validity of the debt. In June, 1890, a draft was drawn on him through a Chicago bank for $175 interest due in January of that year, which draft being paid by him, the proceeds were credited on the note. He was at that time the sole personal representative of the principal mortgagor. The premises had been devised to him in trust, one of the purposes of which was to pay the interest. He was practically the only person with whom the holders of this incumbrance would expect to transact their dealings. By the devise in the will he was the legal owner of the equity of redemption in these premises for the purpose named.

The contention of appellant is, that he paid this interest on his own responsibility and from his own means, as a surety on this note, and that his act in this respect could not bind the estate or the heirs of his testatrix. Since the decision in the case *Kallenbach* v. *Dickinson*, 100 Ill. 427, the law has been recognized as being that one joint maker of a note could not, by payment thereon or any other act, stop the running of the Statute of Limitations against another joint maker unless it appeared that

the party making the payment was the agent for that purpose. In the case before us, however, appellant was the identical person whose duty it was, under the will from which he derived his authority, to make these payments of interest. He had sufficient authority to bind this estate, and the heirs thereof, by such payment. His defense that he made this payment as surety is not consistent with the facts. When this payment was made more than two years had elapsed from the granting of letters testamentary, and this estate having been solvent and the note not probated, appellant would, as surety, have been absolutely discharged and released from all personal liability under the section of the statute above referred to, and would have had a complete defense to any action that might have been brought against him. We take the same view of this phase of the case as was taken by the master in chancery, the circuit and Appellate Courts, that the payment of interest was not made by appellant as surety, but as the representative of his testatrix. We hold that where the joint maker of a note or the personal representative of a deceased person has unquestioned authority from his co-maker or decedent to make payment on an indebtedness, his acts therein will bind those whom he represents to the extent of creating a new promise and bringing an indebtedness otherwise barred from out the Statute of Limitations. The effect of the payment made by appellant in this case was to create a new promise to pay, and his assignment of error on this question was not well taken. The indebtedness was not barred by the ten years statute of limitations.

Appellant shows that in July, 1877, about a year after the execution and delivery of the deed of trust to Samuel E. Sawyer, there was filed for record a certain deed from the father of Ellen Waughop to her, conveying these premises to her during her natural life and at her death remainder in fee to her children, who are parties defendant to this suit. It is not clearly apparent from this

record just what title she had when the trust deed was executed. It is conceded, however, that at that time she had good right to convey, and the deed of trust contained covenants of warranty. It is urged that at her death, by virtue of this deed filed a year after the trust deed, the legal title vested in her children; that it was error for the trial court to hold that a contract for extension of the note could be made by appellant after her death, but that the holder of the note must probate his claim within two years. What has been heretofore said applies in a great measure to this objection. The record does not show that any actual or implied notice was ever received by the holder of this note of the existence of this deed. Where the holder of a mortgage has caused it to be duly filed for record, he will not be charged with constructive notice of other instruments afterwards filed for record. *Meacham* v. *Steele*, 93 Ill. 135; *Heaton* v. *Prather*, 84 id. 330.

The title set up by defendants in this deed is adverse to that claimed by the principal mortgagor. It is not the province of the court, in a proceeding of this character and under like pleadings, to attempt to settle adverse titles, as would be the effect of passing on this question. That is for a court of law. (*Gage* v. *Perry*, 93 Ill. 176; *Bozarth* v. *Landers*, 113 id. 181; 2 Jones on Mortgages, secs. 1482, 1483.) Moreover, from our views as heretofore expressed in this opinion, it was not necessary, under any circumstances, for the holder of the note to probate his claim secured by mortgage if he was relying entirely on the mortgage security.

It is further assigned as error, that, the original trustee named in the deed of trust having died and the successor in trust being also dead, this suit could not be maintained because no person has been appointed trustee in place of the successor in trust. There is no merit in the objection made. The heirs of John A. Tyrrell were made parties defendant to this bill. Whether or not they were improperly joined with appellant was a question

which could have been raised, not by appellant, but by the parties improperly joined. (*Peoria, Decatur and Evansville Railway Co.* v. *Pixley*, 15 Ill. App. 283.) Where the proceeding was, as in this case, by foreclosure in chancery, the appointment of a new trustee was entirely unnecessary. His services could have been utilized by neither the holder of the note nor owner of the equity of redemption. If the holder of the note had attempted to exercise the power of sale given in the trust deed the case would have been different, and in all probability no proceeding could have been taken thereunder without the appointment of a new trustee. But such was not the case. In the case of *Warnecke* v. *Lembca*, 71 Ill. 91, the court says (p. 95): "Here the trustee was dead. There was no grantee or assignee, hence no legal representative, in the sense we suppose that term must have been used in the deed. Therefore there was no one who could rightfully make the sale. A new trustee should have been appointed to execute the power, or the trust deed should have been foreclosed by bill in chancery as an ordinary mortgage." In *Lill* v. *Neafie*, 31 Ill. 101, where the trustee named in the deed of trust had left the State, and, being requested by letter to proceed to sell the property, had failed to give any attention to the matter and was found to be guilty of gross neglect of duty, the court says (p. 106): "But when, in addition to his absence from the State, he gives no attention to his duties as trustee, a court is fully warranted in removing him and appointing a suitable person to carry the trust into effect. The better practice, however, would be to file a bill for a foreclosure, and on a decree require the master or a special commissioner to make sale and execute the trust."

Several other assignments of errors were made by appellant on appeal from the circuit to the Appellate Court, all of which are assigned in this court. We have carefully examined the questions raised by appellant therein, including the question of allowance of attorneys' fees,

and without discussion of the matters raised in these assignments of error we find that there is nothing which should cause a reversal of the judgment of the Appellate Court affirming the decree of the Superior Court. Appellant admits that this debt of $5000 has never been paid or satisfied, and we have found in the discussion of the errors raised that it is not barred by any statute of limitations. A further discussion of other questions raised by the assignments of error is unnecessary.

The judgment of the Appellate Court affirming the decree of the Superior Court of Cook county is affirmed.

*Judgment affirmed.*