## Marietta O. Ford et al. v. First National Bank of Stuart.

1. ADMINISTRATION OF ESTATES—*Power of the Court to Reclassify Claims.*—The fact that claims against an estate have been allowed and classified without objection by the executor, does not prevent the court from re-examining and reclassifying such claims upon a petition for that purpose, filed at a subsequent term of the court, and within the time allowed for the final settlement of the estate.

2. SAME—*Power of the Court over the Reports of Administrators.*— Upon the presentation of the final report of an administrator, the court may hear testimony for the purpose of correcting any errors or discrepancies in former reports and may make such corrections as the testimony justifies.

3. SAME—*Reclassifying Claims Within the Time Allowed for Settling the Estate.*—When a claim against an estate has been allowed and classified as of a certain class without objection by the executor, upon petition filed and brought to the notice of the executor, within the two years allowed for the filing of claims and before an order for the final distribution of the estate could be legally made, the former classification will not prevent the court, in case of fraud or mistake, from re-examining the claims and placing them in their proper class.

4. SAME—*Claims for Moneys Held in Trust—Construction of the Statute.*—The expression "in trust for any purpose" as used in section 70 of the administration act (Hurd's R. S. 1899, p. 116) was not intended to embrace all kinds of trusts in the broadest meaning of the term as including factors, agents, etc., but the term is used in the more restricted sense as referring to special or technical trusts and not to those which the law implies from contracts.

Administration of Estates.—Petition to reclassify claims. Appeal from the Circuit Court of Bureau County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

WATTS A. JOHNSON and H. J. DAVIS, attorneys for appellants.

Geo. S. Skinner, attorney for appellee.

Mr. Justice Higbee delivered the opinion of the court.

Appellants filed certain claims against the estate of Eugene C. Bates, deceased, in the County Court of Bureau County, and the same were allowed as claims of the sixth class upon the ground that they were for moneys received by the deceased in trust. Some time after their allowance, but within the two years allowed to file claims, appellee filed a petition alleging that it was a creditor of the said estate; that its claim had been allowed and probated as of the seventh class; that the classification of the claims of appellants as of the sixth class was erroneous; and asking the court to reclassify all of appellants' claims as of the seventh class. Upon the hearing the County Court ordered that the claims stand as theretofore classified and that the petition of the appellee be dismissed. From this order appellee appealed to the Circuit Court. The case was tried in the Circuit Court upon the petition, the objections thereto, a written stipulation of facts and the agreement of counsel in open court as to certain other facts. The court found for appellee and ordered the several claims of appellants to be reclassified as of the seventh class. From that order of the court this appeal is taken. The written stipulation of facts stated, among other things, that Eugene C. Bates died testate and insolvent; that letters testamentary were issued to Cairo A. Trimble by the County Court of Bureau County, October 29, 1898, and that he has ever since been and is now the sole acting executor of said will; that appellants placed certain moneys in the hands of Bates to have him invest the same for them in real estate securities and keep the same so invested in their names; that the moneys were so invested by Bates and reports were made by him to appellants from time to time, purporting to be a list of the notes and securities in his hands belonging to them; that after the death of Bates it was discovered that the reports were partially false and that a portion of the moneys had been misapplied and used by Bates for his own private purpose and mingled with his own funds and that the

identity of the moneys .became lost; that appellants relied exclusively on his representations concerning the character and sufficiency of their securities and details of their several investments; that after his death the notes and securities standing in the name of appellants and found among his effects were delivered to them by the executor and that their claims in controversy represented the difference between the securities delivered by the executor and the amounts that should have been in the hands of Bates belonging to them; that the notes and securities taken by Bates were subject to their control and deliverable on call.

It was further stipulated in open court that the executor had paid all claims of the first five classes in full and also fifty per cent of the claims of the sixth class, including the claims of appellants.

Appellants insist that the Circuit Court had no jurisdiction of the cause, because (1) Cairo A. Trimble, executor of the will, was not made a party to the appeal; because (2) the transcript from the County Court does not show that appellee ever had a claim allowed against the estate of Bates or that it was in any manner interested in the settlement of said estate, and because (3), after the term at which the claims of appellants were allowed and classified, it was beyond the power of the County Court to set aside the former order and reclassify them.

It does appear, however, from the proofs, that the executor was notified of the petition and when the same would be heard by the County Court. It also appears from the order of the County Court reclassifying the claims and granting the appeal to the Circuit Court, that the executor was in court with the other parties. Such being the case he was also bound by the appeal to the Circuit Court.

The fact that appellee had a claim against the estate and that it had been allowed, was set up in the petition and was not contested in the objections filed by appellants. It was also unquestioned by the stipulation and the point was not raised until the case was brought to this court. Appellee's interest in the estate can therefore not be questioned now, and will be taken for granted.

Although the respective claims of appellants had been allowed and classified without objection by the executor, this did not, in our opinion, prevent the County Court from a re-examining, and, had it seen fit to do so, reclassifying said claims, upon a petition for that purpose filed to a subsequent term of the court. In a case where a widow had been allowed her award and the same had been almost wholly paid, the County Court afterward, when the question as to the right to the award was raised, on a proceeding to sell real estate to pay debts, held she was not entitled to the award and ordered her to apply the amount she had received upon the same toward the payment of a note she held against the estate, and this action by the County Court was approved by the Supreme Court.    Spencer v. Boardman, 118 Ill. 553.

Upon the presentation of the final report of an administrator the court may hear testimony for the purpose of correcting his former reports and may correct such reports if the testimony justifies such action.    Marshall v. Coleman, 187 Ill. 556; Bliss v. Seaman, 165 Ill. 422.

In the case of Schlink v. Maxton, 48 Ill. App. 471, the following language was used:

"We are of opinion that the County Court has such equitable jurisdiction in respect to all matters pertaining to the settlement of estates, that it may, in a proper case, set aside an allowance and require the parties to proceed *de novo*. Such a case would be presented when it appeared that fraud or mistake had intervened so that a court of equity, if the facts were before it, in a bill to set aside the judgment, would entertain jurisdiction.  *  *  *  So here, although the term of court at which an allowance was made has passed, it may, for such cause as would move a court of equity upon a bill filed, entertain a motion to set aside the allowance.  *  *  *  There seems to be great propriety, and even necessity, in permitting that court to open an allowance whenever it finds that fraud or mistake has occurred."

On appeal, the Supreme Court in the same case (153 Ill. 447) said:  "We concur in the judgment and in the opinion of the Appellate Court;" and further, "It is urged that

even if the County Court, sitting as a court of probate, is invested with equitable jurisdiction, yet it has no power at a subsequent term to set aside its own order, judgment or decree except upon a formal bill filed for that specific purpose. We do not so understand the practice in the probate courts."

In the case of Strauss v. Phillips, 91 Ill. App. 373 (189 Ill. 9), Mary Fitzgerald, administratrix, filed a claim in the Probate Court of Cook County against the estate of John Fitzgerald, deceased, and had it allowed as a claim of the sixth class. This claim had been previously allowed against the estate of the same person in Lancaster county, Nebraska, where administration upon the same estate was also being had. The Appellate Court in its opinion said :

" The allowance against the Nebraska administrator was not conclusive against the Illinois administrator. Smith v. Smith, 174 Ill. 52, and the cases there cited. Her claim was therefore open to contest when it came to be filed against Fitzgerald's estate in the Probate Court of Cook County and the fact that it was allowed without objection by Phillips, the administrator, as of a particular class, does not prevent the Probate Court of Cook County from a re-examination of it at any time before distribution and adjusting it according to its real merits."

And so in this case, although the claims had been allowed and classified as of the sixth class without objection by the executor, still, the petition having been filed and brought to the notice of the executor within the two years allowed for the filing of claims and before an order for the final distribution of the estate could be legally made, the former classification could not prevent the court, in case such classification was made by fraud or mistake, from re-examining the claims and placing them in their proper class upon the petition of appellee.

In addition to the question of jurisdiction raised, appellants also contend that their claims were properly classified as of the sixth class and that the court erred in transferring them to the seventh class. This depends on whether the deceased received the moneys of appellants " in trust for any purpose."

In reference to this phrase as used in section 70 of the administration act, the Supreme Court in the case of Svanoe v. Jurgens, 144 Ill. 507, says :

" We gave a construction to this clause in Wilson v. Kirby, Ex'r, 88 Ill. 566, where it was held that the expression ' in trust for any purpose ' was not intended to embrace all kinds of trusts in the broadest meaning of the term as including factors, agents, etc., but that the word ' trust ' is here used in the more restricted sense of the term, as referring to special or technical trusts, ' and not those which the law implies from the contract.' "

In the case of Weer v. Gand, 88 Ill. 490, it was held :

" Where one person employs another as an agent, loans money or sells property on credit, a confidence and trust is imposed, to a greater or less extent, and yet such transactions have never been regarded by courts as falling within any recognized class of trusts."

The stipulation in this case shows that appellants placed moneys in the hands of Bates for the purpose of having him invest the same for them in real estate securities and to keep the same so invested for them in their names. While it is evident that they placed confidence in Bates and trusted him, the transaction was not such as to constitute the placing of money with him " in trust " as that term is used in the statute.    The former classification of the claims as of the sixth class was therefore a mistake and they were properly classified as of the seventh class.

For the reasons above given the judgment of the Circuit Court will be affirmed.