### Eleanor Alderson, Appellant, v. Estate of Albert M. Alderson, Deceased, Appellee.

ESTATES OF DECEDENTS—*purpose and effect of statutes fixing time for filing claims.* The statute of Illinois fixing one year as the time for filing claims against the estate of a decedent is not a general statute of limitations but a specific act, adopted for the purpose of facilitating an early settlement of estates, and a failure to file a claim within that period bars it from participating in the inventoried assets of the estate, and the presentation of a claim cannot be waived by the executor or administrator or by the distributees or legatees.

Appeal from the Circuit Court of Fayette county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the March term, 1922. Affirmed. Opinion filed September 23, 1922.

BROWN & BURNSIDE, for appellant.

ALBERT, WEBB & ALBERT, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.
A claim was filed in the county court of Fayette

county by Eleanor Alderson, widow of Albert M. Alderson, for payment of certain notes signed by her husband. Said claim was allowed and on appeal to the circuit court a trial was had resulting in a judgment against said estate for the amount of the claim, to be paid only from moneys and assets of the estate uninventoried. From said judgment appellant prosecutes this appeal.

Albert M. Alderson died about August 3, 1919, intestate, leaving Eleanor Alderson, his widow, and A. Lee Alderson, Anthony E. Alderson and Phyllis Doyle, his only children and heirs. Said decedent left an estate of approximately $80,000 in real and personal property. Appellant, his widow, was appointed administratrix of his estate and filed her bond, inventory and appraisment bill and gave notice of the adjustment of claims. The record tends to show that along about the year 1897 appellant received from her parents the sum of $2,000; on September 1, 1901, $5,000, and in 1911, $3,000, which said sums she turned over to her husband at or about the time they were received, and he in turn executed and delivered his notes therefor. The record also tends to show that said notes were all renewed by Alderson before his death, the principal thereof being increased so as to cover the accrued interest.

The claim in question for approximately $20,000 was filed more than nineteen months after the issuing of letters of administration. Among the assets of said estate was a mortgage of $16,000, and it is contended by appellant that by agreement with said heirs she was to take the $16,000 mortgage and, when the estate was settled up, she was to receive the balance due her on the said notes. It is urged by counsel for the appellant that by reason of this understanding and agreement appellant refrained from filing her claim against the estate within the statutory period of one year, and that now, having filed said claim, the heirs

by virtue of said agreement would be estopped from objecting to and defeating the payment of said claim. In other words, it is insisted by counsel for appellant that there was a waiver of the presentation of her claim and that the heirs cannot set up the statute of limitations, after having by their agreement induced appellant to delay the filing of her claim.

The daughter, Phyllis Doyle, emphatically denied entering into any agreement for the payment of her mother's claim. She denied having had any conversation with her mother in reference to her mother taking said mortgage of $16,000 as part payment of her claim.

Counsel for appellant lay great stress on the equity of the widow's claim, being for money which she had received from her parents and loaned to her husband. 24 Corpus Juris, page 304, and 18 Cyc., page 435, are cited as laying down the rule that where legatees or devisees induce a creditor to delay presentation of his claim until it becomes barred by the statute of limitations they are estopped by their conduct from pleading the statute.

It is not for this court to pass upon the equities of the case. The only point that can be considered here is whether or not the appellant has complied with the law in filing her claim against said estate. The statute in this State requires that claims be filed within one year from the granting of letters of administration or such claim shall not be paid except out of subsequently inventoried assets. The Supreme Court of Illinois has held that the statute fixing the time for filing the claim is not a general statute of limitations, but that it is a specific act adopted for the purpose of facilitating an early settlement of estates, and a failure to file a claim within the statutory period bars the claim from participating in the inventoried assets of the estate. *Wingate v. Pool,* 25 Ill. 118; *Waughop v. Bartlett,* 165 Ill. 124; *Pearson v. McBean,* 231 Ill. 536; *Union Trust Co. v. Shoemaker,* 258 Ill. 564, at p. 571.

In other words, our courts have held that the presentation of a claim against a decedent's estate cannot be waived by the executor or the administrator or by the distributees or legatees in said estate.

In *Wingate v. Poole, supra*, the court at page 121 says: "The question is then presented, whether the defendant in error has shown himself entitled, either in law or equity, to any portion of this fund. The bill fails to allege, and the proof to show, that he has ever presented his claim, and had it allowed against the estate. And it does appear that more than two years had expired since the grant of letters of administration, and before the exhibition of his bill. This being the case, his claim is barred, by the 115th section of the statute of wills (Scates' Comp. 1206), from a pro rata participation with the other creditors in the general assets of the estate. To have entitled himself to that benefit, he should have filed, and had his claim allowed within the limited period. * * * Equity follows the law, and when this claim became barred by the statute, a court of equity could not afford relief any more than could a court of law. The claim is as effectually barred in the one court as in the other."

This claim having been filed more than one year after the issuance of letters of administration, the same is barred by the statute and the circuit court did right in allowing the claim only against uninventoried assets. There being no error in the record the judgment of the trial court will be affirmed.

*Judgment affirmed.*