Hazel C. Austin, Executrix of the Estate of Alva C. Austin, Deceased, Appellant, v. City Bank of Milwaukee, Appellee.

### Gen. No. 38,761.

Opinion filed December 30, 1936. Rehearing denied January 12, 1937.

HECTOR A. BROUILLET, of Chicago, for appellant; ABRAHAM MILLER, of Chicago, of counsel.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, of Chicago, for appellee; I. E. FERGUSON, RICHARD M. GUDEMAN and HOMER KRIPKE, all of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Appellant, executrix of the estate of Alva C. Austin, deceased, appeals from an order of the circuit court of Cook county denying her petition to reclassify a

claim of appellee, City Bank of Milwaukee, for $1,870.87, filed against the estate in the probate court of Cook county, on March 31, 1930. On June 9, 1930, it was allowed in the sum of $2,770.07, as a sixth class claim. On February 28, 1935, a verified petition in behalf of the executrix was filed in the probate court. It alleges, in substance, that letters of administration were issued to her as executrix on November 22, 1928; that the year for filing claims against the estate expired November 21, 1929; that the claim of appellee was filed on March 21 [31], 1930; "that this claim showed upon its face that it was filed after the year of expiration and that the same should have been classed in class seven or in that class wherein it became necessary for the claimant to find assets not inventoried; . . . that a notice was served upon the attorneys representing the City Bank of Milwaukee on October 18, 1930, for the purpose of having said claim reclassed and at that time the motion was stricken upon the agreement of counsel to await the final decision of a claim filed by Lester Kulp against said estate and that said claim went to the Supreme Court wherein the claim was disallowed; . . . that all of the assets of said estate were inventoried and that there is no property or assets with which to pay the aforementioned claim of the City Bank of Milwaukee." The petition prays that the claim "be reclassed as provided by statute." Appellee's verified answer to the petition states: "Respondent admits that Letters Testamentary were issued to said Executrix on November 22, 1928, and that the claim of this respondent was filed on March 31, 1930; . . . that although said Letters Testamentary were issued on November 22, 1928, the adjudication with respect to claims was not entered until April 1, 1929, so that the claim of this respondent was filed within one year from the adjudication date of said Estate; . . . that the reason

for the delay in filing the claim was that this respondent had no knowledge of the death of the decedent
until February 1930; that its information at that time
was to the effect that said decedent had died in May
1929; that it, accordingly, proceeded to file the claim
in question and then notified the attorney for the
Estate of the action that it had taken; that as soon
as the knowledge of the death of the decedent reached
respondent, it used all due diligence in filing its claim;
. . . that its claim was allowed as a Sixth Class claim
in the sum of $2,770.07 on June 9, 1930, by this court;
. . . that . . . on August 26, 1930, the attorney for
the Estate moved to have this claim re-classified, but
the motion was denied on the ground that the attorney
should file a petition with respect to same in order that
a full hearing might be had. On October 20, 1930,
the attorney for the Estate presented the identically
same motion, and this court again advised him that
the matter should be presented by petition. At that
time his Honor, Judge Henry Horner, who was presiding in the Probate Court on that date, asked the
attorney for the Estate why the claim should not be
paid since it was, apparently, a valid claim and there
were assets out of which to pay it; . . . that according
to the Inventory filed in this court, the assets of said
Estate totaled $55,365.78 and consisted, principally, of
$49,590.00 designated as 'National Bank of Republic
—insured trust insurance'; that the claims against
said Estate totaled, approximately, $80,000.00 but of
this sum one claim filed by one Lester Kulp was for
$62,329.76; that this respondent is advised, and believes the fact to be, that the claim of Lester Kulp
has now been disallowed and is no longer pending
against said Estate, so that the total claims are not
in excess of $18,000.00; that as a result on the face
of the record in this court, there are more than sufficient assets to pay all of the claims filed and allowed

against the Estate, including this respondent's claim;
. . . that the term at which respondent's claim was
allowed on June 9, 1930, has long since expired, and
that it is, therefore, improper for the Executrix to
seek to re-classify it at this time; . . . respondent
prays that its claim be permitted to stand as a Sixth
Class claim." After a hearing the probate court en-
tered an order denying the petition of the executrix
to reclassify the claim and ordering that the allowance
of the claim on June 9, 1930, for $2,770.07 as a sixth
class claim be affirmed in all respects. Appellant ap-
pealed from that order to the circuit court and upon
a hearing *de novo* that court entered an order denying
the petition of the executrix to reclassify the claim.
This appeal followed.

The facts material to our decision are undisputed.
Appellee admits in its sworn answer that letters testa-
mentary were issued to the executrix on November 22,
1928; that its claim was filed on March 31, 1930, and
allowed on June 9, 1930. It does not deny, in its
answer, the allegation in the petition that all of the
assets of the estate were inventoried by the executrix.
Moreover, the executrix is presumed, in the absence
of evidence to the contrary, to have performed her
duty of inventorying and accounting for all of the
assets of the estate. (See *Beebe v. Kirkpatrick,* 321
Ill. 612, 618.) The estate is still in course of adminis-
tration. Under what circumstances appellee's claim
was originally allowed as a sixth class claim does not
appear from the record.

Appellant contends that "the order of the Probate
Court, designating the claim involved herein as a sixth
class claim, is contrary to Section 70 of the Adminis-
tration Act and is null and void. (a) Under the said
act, a claim against a decedent's estate not exhibited
within one year from the granting of letters is forever
barred as to property which has been inventoried or

accounted for by the executrix. (b) Where a claim against a decedent's estate is filed and allowed after one year from the granting of letters, the order or judgment allowing the same must be special and payable only out of subsequently discovered assets. (c) The Probate Court has no authority to allow a claim against a decedent's estate, except in accordance with the provisions of the said Act''; that ''the Circuit court, on the appeal from the Probate court, could not exercise any power save that which the Probate court had. (*Chapman v. American Surety Co.*, 261 Ill. 594, 603.)'' After a careful consideration of the instant contention we have reached the conclusion that it must be sustained. Section 70 (Ill. State Bar Stats. 1935, ch. 3, ¶ 71; Jones Ill. Stats. Ann. 110.071) provides:

''All demands against the estate of any testator or intestate shall be divided into classes in manner following, to-wit:

''First. Funeral expenses and necessary cost of administration.

''Second. The widow's award, if there be a widow; or children, if there are children and no widow.

''Third. Expenses attending last illness, including physician's bill, and demands due common laborers or household servants of deceased for labor.

''Fourth. Debts due the common school fund or township.

''Fifth. Where the deceased has received money in trust for any purpose, his executor or administrator shall pay out of his estate the amount thus received and not accounted for.

''Sixth. All other debts and demands of whatever kind without regard to quality or dignity, which shall be exhibited to the court within one year from granting of letters as aforesaid.

''All claims and demands of whatever class not exhibited to the court within one year from the granting

of letters as aforesaid shall be forever barred as to property and estate of the deceased which has been inventoried or accounted for by the executor or administrator; and if the executor or administrator shall thereafter file any inventory listing other estate not previously inventoried or accounted for, and shall cause notice to be published in the manner provided by section 60 of this Act, or give such other notice as the court may direct, of a day fixed upon, which shall be not less than three months after the date of such first publication, for the filing and exhibiting of further claims against said decedent, all claims not exhibited to the court prior to the date so fixed shall be forever barred as to the property and estate listed in such inventory, and the amount remaining due on all claims exhibited to the court on or prior to the day so fixed upon as aforesaid, including those filed within one year from the granting of letters, shall be paid *pro rata* out of such subsequently inventoried estate, saving, however, to infants, persons of unsound mind and persons in the employment of the United States or of this State and residing outside of the United States, the term of one year after their respective disabilities are removed to exhibit their claims.''

It is conceded that appellee's claim was not filed within one year from the granting of letters testamentary. The time for filing claims is computed from the date of the letters. (See *Wener v. Freilich,* 268 Ill. 58.) The allegation in the answer that the claim was not filed within the time fixed by the statute because appellee had no knowledge of the date of the death of the decedent until a certain time, does not, of course, avoid the plain mandate of the statute. Indeed, an executor or administrator cannot waive the presentation of a claim within the time fixed by the statute; nor can the distributees or legatees of the estate. (See *Alderson v. Alderson's Estate,* 226 Ill.

App. 176.) In *Sanders v. Merchants State Bank,* 349 Ill. 547, 566–7, the court said:

"However, the sixth clause of section 70 of the Administration act provides that all demands not exhibited to the court within one year from the granting of administration shall be forever barred unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate. This provision creating a limitation upon the time for filing claims against an estate is not a general statute of limitations. The purpose of the act in regard to the administration of estates was to facilitate their early settlement, and the limitation for the exhibition of claims to two years (a time afterward reduced to one year) had that particular purpose in view. A claim not exhibited within the time fixed is not absolutely barred but its right to participate in the distribution of the assets of the estate actually inventoried or accounted for is lost. (*Waughop v. Bartlett,* 165 Ill. 124; *Gross v. Estate of Thornson,* 286 id. 185; *Durflinger v. Arnold,* 329 id. 93.) . . . It was held in *Ryan v. Jones,* 16 [15] Ill. 1, that the personal estate of a decedent is primarily liable for the payment of his debts and must be exhausted before resort can be had to the real estate. 'Demands against the estate of a deceased person must be exhibited within two years from the grant of administration. A creditor free from disability who fails to present his claim within that time is not allowed to participate in the proceeds of the personal estate previously inventoried or accounted for by the executor or administrator. He must satisfy his debt out of property subsequently discovered or inventoried.' " *Roberts v. Flatt,* 142 Ill. 485, 490; *Waughop v. Bartlett,* 165 Ill. 124, 131; *Strauss v. Phillips,* 189 Ill. 9, 23; *Morse v. Pacific Ry. Co.,* 191

Ill. 356, 361; *Beebe v. Kirkpatrick,* 321 Ill. 612, 618, *supra; Durflinger v. Arnold,* 329 Ill. 93, 99; and *In re Estate of Duffield,* 258 Ill. App. 78, 85, also hold that where a claimant fails to file his claim within the time fixed by the statute he can have his claim satisfied only out of property not inventoried.

"Nor did the county court have power to authorize the payment of an alleged claim against an estate contrary to the provisions of the statute. County courts have no judicial power in directing the administration of estates except such as conferred upon them by the statute. *Chapman v. American Surety Co.,* 261 Ill. 594. A county court could not therefore authorize an administrator to pay the claim after the claim was barred from payment by the statute. To authorize payment under these circumstances would in effect nullify the provision in the statute." (*Yaple v. Mahy,* 241 Ill. App. 446, 453. See also *Depue v. Heberling,* 250 Ill. App. 82, 88.)

Where a claim against an estate is filed and allowed after one year from the granting of letters the order or judgment allowing the same must be special, ordering payment only out of assets which have not been inventoried or accounted for by the administrator. ·(*People v. Small,* 319 Ill. 437, 447–8; *Morse v. Pacific Ry. Co.,* 191 Ill. 356, 363–4, *supra; Waughop v. Bartlett,* 165 Ill. 124, 128, *supra.*)

Appellee argues that as the probate court has the statutory duty to pass upon the validity and classification of claims, it has jurisdiction to do so, and, therefore, neither the allowance nor the classification of a claim may properly be set aside, after term time, except for fraud, accident or mistake. The validity of appellee's claim is not questioned by appellant, and it will be conceded that where a claim is filed within the period fixed by the statute the probate court has jurisdiction to determine to which of the six classes

it belongs. If the court erroneously classifies the claim the judgment order is not void, and it cannot be vacated or modified after term time merely because it is erroneous. The action of the probate court in entering the order in question in the instant case cannot be treated as a mere error in judgment, in a matter wherein the court had jurisdiction. Section 70 forever bars appellee's claim except as to subsequently discovered assets. The status of the claim was fixed by the statute. The court had no power save to carry out the mandate of the law, and the order allowing the claim as a sixth class claim was in direct violation of the section and the court had no juris-. diction to enter the same. To hold otherwise would be to permit, in effect, a nullification of the statute.

"The Administration act is a specific act adopted for the particular purpose of facilitating the early settlement of estates of deceased persons. (*Waughop v. Bartlett,* 165 Ill. 124; *Union Trust Co. v. Shoemaker,* 258 id. 564.)" (*Gross v. Estate of Thornson,* 286 Ill. 185, 189. See also *Durflinger v. Arnold,* 329 Ill. 93, 98, *supra.*)

Appellee contends that *Ford v. First Nat. Bank,* 201 Ill. 120, is squarely in point and decisive of the present appeal. At the time of that decision the statute provided for seven classes of claims. There the appellants filed certain claims against the estate of decedent in the county court and they were allowed as claims of the sixth class upon the ground that they were for moneys received by the deceased in trust. From the opinion of the Appellate Court in that case (*Ford v. First Nat. Bank,* 100 Ill. App. 70, 71) *it clearly appears that the claims were filed within the period fixed by the statute.* Sometime after the expiration of the term at which the claims were allowed, but still within the period for filing claims (see *Ford v. First Nat. Bank,* 100 Ill. App. 70, 71), a creditor whose claim had

been allowed as one of the seventh class filed a petition praying that the claims of the appellants be reclassified as seventh class claims. The petition was denied by the county court and on appeal to the circuit court an order was entered that the claims be reclassified as of the seventh class. Upon the appeal to the Supreme Court it was held that the classification of claims by the county court is as much a part of the judgment as is their allowance, and that so far as the personal estate is concerned such classification cannot be set aside by the county court at a subsequent term in the absence of fraud, accident or mistake. That decision was based upon a record that showed that the claims were filed within the statutory period, and it is, therefore, not in point. The same situation was present in *Ward v. Durham,* 134 Ill. 195, and in *Wolfley v. McPherson,* 61 Kan. 492, also cited by appellee in support of its position. Appellee has not called to our attention any case akin to the one before us that sustains its position.

Counsel for appellee contend that no equitable reason is urged by appellant why the claim should not be paid. Appellant, as executrix, very properly insisted that the claim must be paid in accordance with the provisions of the statute, out of subsequently discovered assets, and that to pay it as a sixth class claim would amount to a nullification of the plain provisions of the statute. It is the duty of the executrix to interpose proper defenses to any claim, and if she is delinquent in that regard the heirs will have a remedy on her bond. (See *Ward v. Durham,* 134 Ill. 195, *supra.*) Nor is it for this court to pass upon the so-called equities of the claim. The only question that we can consider is whether or not the probate court, when it entered the order of June 9, 1930, had the power or jurisdiction to allow the claim as a sixth

class claim. (See *Alderson v. Alderson's Estate,* 226 Ill. App. 176, 178, *supra.*)

The judgment order of the circuit court of Cook county is reversed, and the cause is remanded with directions to the circuit court to treat the probate court order of June 9, 1930, as a void judgment, and to enter a special order allowing appellee's claim but ordering that it be paid only out of assets which have not been inventoried or accounted for by the executrix.

*Judgment order reversed, and cause remanded with directions.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.