**DAVIS et al. v. ANDERMAN et al.**
No. 52 C 2647.

United States District Court
N. D. Illinois.
Oct. 9, 1953.

**48**

Harvey K. Cousens, Chicago, Ill., for plaintiffs.

Dent, Hampton & Doten, Chicago, Ill., for defendants.

HOFFMAN, District Judge.

This is a suit to enjoin the payment and collection of a claim allowed in a decedent's estate by the Probate Court of Cook County. The plaintiffs are residuary beneficiaries named in the decedent's will. The defendant Anderman filed a claim in the Probate Court alleging the decedent's agreement to will to him certain personal and real property in consideration of services rendered during the decedent's lifetime. The defendant Anderman withdrew that portion of his claim which asserted his right to the real estate when he was confronted during the trial with the defense of the Statute of Frauds. He prevailed in the Probate Court on trial by jury and again in the Circuit Court. On further appeal the Appellate Court affirmed, 346 Ill.App. 574, 105 N.E.2d 772, and the Supreme Court of Illinois denied the executor's petition for leave to appeal.

The defendant Anderman has moved to dismiss the complaint and among the several points made by him in support of his motion he contends that the judgment of the State Court is *res adjudicata* and not subject to collateral attack. This issue is sufficient to dispose of the motion if decided adversely to the plaintiffs.

Admittedly the State court had jurisdiction of the subject matter and of the person of the parties involved. The sole contention of the plaintiffs is that the Probate Court was without power to allow the claim since it was offensive to the positive mandate of the Statute of Frauds declaring a contract involving an interest in real estate unenforceable unless evidenced by a written memorandum.

The question, therefore, is whether the State court lacked jurisdiction so as to render its judgment subject to collateral attack. Such an attack "can be successful only where and to the extent that it discloses a want of power as distinguished from error in the exertion of power that was possessed." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496, 53 S.Ct. 721, 727, 77 L.Ed. 1331. The controlling principle was elaborated with an adequate citation of Illinois cases by Judge Lindley in Rheinberger v. Security Life Ins. Co. of America, D.C.Ill. 1943, 51 F.Supp. 188, 192:

"Obviously, a decree entered without jurisdiction or in excess of jurisdiction, is void and subject to collateral attack. Armstrong v. Obucino, 300 Ill. 140, 133 N.E. 58; Leviton v. Board of Education, 374 Ill. 594, 30 N.E.2d 497; Chicago Title & Trust Co. v. Mack, 347 Ill. 480, 180 N.E. 412. However, if the court has jurisdiction of the subject matter and the parties and acts within its legal limitations, any error committed can be corrected only by appeal; otherwise it is silenced forever. Knaus v. Chicago Title & Trust Co., 365 Ill. 588, 592, 7 N.E.2d 298; Wolff v. [Albert] Schwill & Co., 351 Ill. 28, 33, 183 N.E. 567; Miller v. Rowan, 251 Ill. 344, 96 N.E. 285." (This case was reversed on the application of the rule to the

particular facts but without challenge to the correctness of its statement, in 7 Cir., 146 F.2d 680.)

■■ Since the State court had jurisdiction of the parties and the subject matter, the only conceivable attack must be limited to the contention that the court exceeded its authority in entering the judgment. A number of cases are cited by the plaintiffs which involve proceedings created by statute and where the court entered a judgment of a character not so authorized. Primary emphasis is placed on Austin v. City Bank of Milwaukee, 288 Ill.App. 36, 5 N.E.2d 585, where the Probate Court allowed a sixth class claim after the expiration of one year from the granting of letters, whereas the statute required that all claims not allowed within one year should be assigned to the seventh class, in which class they would be payable only out of assets subsequently inventoried. After the expiration of the term a motion was allowed to reclassify the claim in the seventh class over the objection that the allowance was not subject to collateral attack. The Appellate Court held that the Probate Court was without statutory power to allow a claim in the sixth class after the expiration of a year.

It is unnecessary to determine whether the Austin case was correctly decided. If under a proper construction of the statute the Probate Court was without jurisdiction after the year to allow a sixth class claim, of course, the decision is correct. The issue in the present case, however, is different. Notwithstanding the imperative language of the Frauds Act that "no action shall be brought to charge any person upon any contract for the sale of lands * * * unless such contract or some memorandum or note thereof shall be in writing * * *", S.H.A.Ill. ch. 59, § 2, the Supreme Court of Illinois has in numerous cases held that under appropriate circumstances, as where full performance has been made on one side and possession taken, the Statute of Frauds constitutes no defense. Whether the law

was correctly or incorrectly applied by the State Court in the instant case is a matter of no consequence. An error in the exercise of power which the court possesses is not tantamount to a want of jurisdiction.

It would be intolerable if cases where the State courts, in entering a judgment customary in form and character, misapplied a State statute affecting the substance of the rights involved were subject to collateral review in the Federal court.

This point controls the issue. The motion of the defendant to dismiss the complaint is allowed.