(No. 35516.—

RUBY P. MEYER, Appellant, *vs.* CAROLYN ROBERTS *et al.*, Appellees.

*Opinion filed March 31, 1960.*

LOUIS BEASLEY, of East St. Louis, for appellant.

WINTERS, POWLESS AND MORGAN, and MELVIN F. WINGERSKY, both of Marion, (CHARLES D. WINTERS, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Ruby P. Meyer, plaintiff, filed suit in Williamson County circuit court praying that dower be assigned and set off to her in certain lands owned by her deceased former husband at his death. Defendants, the widow, children and others claiming to have an interest in the lands, moved

to dismiss the complaint for the reason that it showed on its face that plaintiff was guilty of *laches*. The court entered a decree dismissing the complaint. A freehold being involved, the appeal comes directly to this court.

The complaint alleged that the deceased, Herbert H. Roberts, and plaintiff were married on August 12, 1915, and that the deceased then owned the lands in question and described as: "The East half of the Southeast quarter of Section 21, Township 8, Range 4 South, containing 80 acres and one acre in the Northeast corner in the Northwest quarter of Section 21, Township 8, Range 4 South, all situated in Williamson County, Illinois."

The complaint then states that in 1920 Herbert H. Roberts deserted the plaintiff, and at the November term, 1923, the city court of East St. Louis granted a decree of divorce to plaintiff on the grounds of wilful desertion. In that decree the court found that Herbert H. Roberts was then the owner in fee simple of the premises above described and that plaintiff had an inchoate right of dower in said lands. Plaintiff alleged that Herbert H. Roberts died intestate on October 25, 1953, but that she did not learn of his death until August 25, 1958, and upon investigation learned that no letters of administration had been issued. Plaintiff claimed that she was endowed with a one-third part of all the real estate of which Herbert H. Roberts was seized during their marriage. She averred that she did not file an election to take dower, as provided by section 19 of the Probate Act (Ill. Rev. Stat. 1953, chap. 3, par. 171,) for the reason that she did not know of the death of Herbert H. Roberts, and that since learning of his death she has been diligent to claim dower, having filed her claim in the county court of Williamson County on September 10, 1958.

Plaintiff named as defendants, Carolyn Roberts, the widow of Herbert H. Roberts, Flora Endrizzi, Mary Jean Peebles, and Francis Marion Roberts, the children of Her-

bert H. and Carolyn Roberts, Ross Bartmes, who claims an interest in the lands by virtue of an oil-and-gas lease granted him by Carolyn Roberts, Flora Endrizzi, Mary Jean Peebles, and Francis Marion Roberts, and Vernon Clark, who claims an interest the nature of which plaintiff did not know. Plaintiff alleged that Carolyn Roberts knew of plaintiff's divorce from Herbert H. Roberts, for his fault, and knew that plaintiff was entitled to a dower interest in the premises. It is also alleged upon information and belief that there are certain producing oil wells on the premises, that large amounts of oil and gas have been removed from the premises since the death of Herbert H. Roberts and that defendants should account to plaintiff for her interest therein.

Defendants filed their motion to dismiss alleging the complaint did not state a cause of action, that it conclusively shows on its face that plaintiff is barred by *laches,* that plaintiff failed to comply with the statute regulating the claiming of dower within ten months following the death of the owner, and that plaintiff could not possibly have any interest as claimed, under the laws of the State of Illinois.

The court, pursuant to oral argument and upon consideration of written briefs, found that the complaint shows upon its face a lack of diligence on the part of plaintiff in making her alleged claim known, and that her action was barred by *laches.* The court sustained the motion to dismiss the complaint. It is from this decree and order of dismissal that plaintiff now appeals.

We find it unnecessary to consider the contention that plaintiff is barred by *laches,* for we are of the opinion that plaintiff's failure to perfect her right to dower within the time prescribed by law is fatal to her claim. Section 19 of the Probate Act provides that the surviving spouse of a decedent who dies after the effective date of the act may elect to take dower by filing a written instrument declaring

an election to do so within ten months after the death of the decedent if he dies intestate and no letters of administration are issued within said period. (Ill. Rev. Stat. 1953, chap. 3, par. 171.) Here the decedent died in 1953 and the election to take dower was not filed until 1958. A very similar situation was presented in *Petta* v. *Host*, 1 Ill.2d 293. In that case, the plaintiff and the decedent were married in 1919. Shortly thereafter, the decedent deserted the plaintiff and remarried, without ever obtaining a divorce from plaintiff. The decedent died testate in 1945, but plaintiff did not learn of his death until 1949. Soon after she learned of his death and the probate of his will, plaintiff filed a petition in the probate court to re-open the estate. The estate was re-opened and an amended order of heirship was entered, finding that plaintiff was the lawful widow of the decedent. Shortly thereafter, plaintiff renounced the decedent's will and claimed her right of dower in certain real estate which decedent had owned but which he had conveyed in his lifetime, and also claimed that she was entitled to a fee interest in certain other real estate owned by decedent at the time of his death. In considering plaintiff's claim of a right to dower, we said: "Aside from the consideration that the premises were sold to a *bona fide* purchaser, a point later to be discussed, dower must be denied appellant in this proceeding for her failure to affirmatively perfect it as provided in section 19 of the Probate Act."

This strict construction of the mandatory provisions of the act finds support in other cases construing similar time limitations. Thus, where the law provided that creditors must file claims against a decedent's estate within one year, it was held that the fact that the creditor had no knowledge of the death of the decedent did not avoid the plain mandate of the statute. (*Austin* v. *City Bank of Milwaukee*, 288 Ill. App. 36, 42.) Also, the provision of the Bankruptcy Act requiring the filing of claims within a prescribed

period is, almost without exception, held to be mandatory and failure to file within time bars participation in the estate, regardless of any meritorious excuse for the delay. (See annotation 109 A. L. R. 1405.) In these two examples, the interest which compels a mandatory interpretation is the policy of a speedy administration of the estates. In the present case, a mandatory construction is required by the well-established policy favoring the stability of real-estate titles. To hold otherwise would cast doubt on many titles, for it could never be known whether a former wife could appear years later and claim a right of dower.

The decree of the trial court is correct and it is affirmed.

*Decree affirmed.*