CHARLES F. MORSE et al.

v.

THE PACIFIC RAILWAY COMPANY et al.

*Opinion filed June 19, 1901—Rehearing denied October 10, 1901.*

1. ADMINISTRATION OF ESTATES—*section 70 of Administration act explained.* Section 70 of the Administration act, which provides that demands not exhibited within two years shall be barred unless assets not inventoried or accounted for shall be discovered, is not a bar to the revival, commencement or prosecution of a suit, but only a limitation upon the right to participate in assets which have been inventoried.

2. SAME—*the fact that suit is pending does not amount to exhibition of claim.* The facts that a suit is pending in the circuit court against a party at the time of his death, and that it might have been revived against the executors within two years from the granting of letters so that the decree would bind inventoried assets, do not amount to an exhibition of the claim or demand against the estate.

3. SAME—*knowledge of executors that claim is pending does not take case out of the statute.* Knowledge on the part of executors that a suit was pending against their testator at the time of his death does not take the case out of the statute requiring claims or demands to be exhibited against the estate within two years.

4. SAME—*effect where claim is not of a character cognizable by the county court.* Compliance with the statute requiring claims to be filed against an estate within two years is not excused because the claim is of such a character that it could not have been filed in the county court, since that fact would not prevent a suit in some other proper court, a judgment in which would bind the assets of the estate the same as a judgment of the county court.

5. SAME—*when claim is not contingent.* A claim cannot be regarded as contingent, so as to excuse the failure to file the same against the estate within two years, where all the facts out of which the liability arose existed before the testator's death, and where suit was being prosecuted against him at that time and might have been revived and prosecuted against the executors when the letters were issued, with the same effect as the filing of the claim in the county court.

6. SAME—*when decree cannot be against inventoried assets.* Where a suit is being prosecuted in the circuit court against a party at the time of his death, but his death is not suggested nor his executors made parties nor any proceeding taken to enforce the claim against the estate until some six years after the defendant's death, when a bill of revivor is filed, the decree rendered in favor of the

complainant in the revivor proceeding can be satisfied only out of assets not inventoried or accounted for by the executors within two years from the granting of letters.

7. PARTNERSHIP—*when purchase of stock is not a partnership affair.* The purchase of railway stock, issued to purchasers in the name under which they were conducting a partnership in the grocery business, is not a partnership transaction, where the stock was bought as an investment, only, each party paying, individually, one-half of what was paid on the stock, with the understanding that each should own one-half of it.

*Morse* v. *Pacific Railway Co.* 93 Ill. App. 31, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

WALKER & PAYNE, for appellants:

The effect of a bill of revivor is to substitute for the interested party in the original proceedings the person to whom his interest is transmitted, and the latter is then equally bound by the proceedings. 2 Am. & Eng. Ency. of Law, 274; Story's Eq. Pl. secs. 376-380; *Douglas* v. *Sherman,* 2 Paige, 361; 2 Barbour's Ch. Pr. 57; Cooper's Eq. Pl. 71; *Devaynes* v. *Morris,* 1 M. & C. 213.

Equity had taken jurisdiction of the subject matter and parties to the action prior to the death of the defendant, and having taken cognizance of the controversy will hold jurisdiction until final determination. Pomeroy's Eq. Jur. sec. 179; *Bank* v. *Railroad Co.* 28 Vt. 470; *Ober* v. *Gallagher,* 93 U. S. 199; *Atwater* v. *Bank,* 152 Ill. 618.

This is a proceeding in equity under section 25 of the act entitled "An act concerning corporations," and under said section the probate court has no jurisdiction. *Eames* v. *Doris,* 102 Ill. 350; *Richardson* v. *Akin,* 87 id. 138; *Lowe* v. *Buchanan,* 94 id. 76; *Queenan* v. *Palmer,* 117 id. 619; *Young* v. *Farwell,* 139 id. 326; *Wincock* v. *Turpin,* 96 id. 135; *Pollard* v. *Bailey,* 87 U. S. 520; *Patterson* v. *Lang,* 106 id. 519; *Richmond* v. *Irons,* 121 id. 27; 2 Thompson on Corp. sec. 1991.

It follows that the claim of the complainant could not have been produced in the probate court, as provided in section 60 of the act in regard to the administration of estates, and the requirement of section 70 of said act that all demands not exhibited within two years from the granting of letters of administration shall be forever barred, etc., has no application to this proceeding, and cannot be pleaded by the representatives of the estate of Simon Reid as a bar to the action.

The statute above referred to applies only to cases where the liability is absolute, and not merely contingent. *Dunnigan* v. *Stevens*, 19 Ill. App. 313; *Dugger* v. *Oglesby*, 99 Ill. 405; *Suppiger* v. *Gruaz*, 137 id. 216; *Bank* v. *Trust Co.* 87 Fed. Rep. 113; *Hawkins* v. *Glenn*, 131 U. S. 319; *Payson* v. *Hadduck*, 8 Biss. 293; *Howell* v. *Moores*, 127 Ill. 67.

WILSON, MOORE & McILVAINE, for appellees:

The court properly decreed the payment of the amount due from the estate of Simon Reid out of the assets of said estate not inventoried within two years from the issuing of letters testamentary. *Roberts* v. *Flatt*, 142 Ill. 485; *Snydacker* v. *Swan Land Co.* 154 id. 220; *Welch* v. *Wallace*, 3 Gilm. 497; *Paschall* v. *Hailman*, 4 id. 301; *Turney* v. *Gates*, 12 Ill. 141.

The 625 shares of stock of the Pacific Railway Company were not owned by Reid and Murdoch as partners, and each was therefore only liable upon his own shares of stock. Parsons on Partnership, (2d ed.) sec. 1, p. 6, and note on p. 46; 17 Am. & Eng. Ency. of Law, 859; *Goel* v. *Morse*, 126 Mass. 480; *Southworth* v. *People*, 183 Ill. 621; *Gottschalk* v. *Smith*, 156 id. 377; *Hurley* v. *Walton*, 63 id. 260.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On January 19, 1891, the appellant Charles F. Morse, in behalf of himself and all other creditors of the Pacific Railway Company, one of the appellees, filed his bill in

the circuit court of Cook county, under section 25 of the general act concerning corporations for pecuniary profit, against said Pacific Railway Company and its stockholders, alleging the recovery of a judgment against that corporation and return of execution "no property found," and seeking to enforce the statutory liability of said stockholders for any unpaid balance upon their stock. The bill alleged that Thomas Murdoch and Simon Reid were the owners of 625 shares of the capital stock, and they were among the defendants. Reid answered the bill September 1, 1891, and died February 13, 1892, leaving a last will and testament, in which the appellees Thomas Murdoch, Byron L. Smith and Ezra J. Warner were appointed executors and trustees. The executors qualified and letters testamentary were issued to them February 22, 1892. They filed their inventory of the estate on May 30, 1892, in the county court of Lake county, the residence of the testator. The death of Reid was not suggested on the record, and the executors were not made parties defendant nor brought into the suit in the circuit court in any way. The issues in that suit were referred to a master in chancery, who made a report May 28, 1895, that there was no liability of the stockholders upon any unpaid balance of their stock. The report was confirmed and the bill dismissed for want of equity. The Appellate Court reversed the decree June 29, 1896, and on February 14, 1898, we affirmed the judgment of the Appellate Court finding that the stock was not fully paid and holding the stockholders liable for the unpaid balance. (*Sprague* v. *National Bank of America*, 172 Ill. 149.) No claim has ever been filed in the county court of Lake county against the estate of Reid, and there was no proceeding against the estate or the executors, or any attempt to charge the estate for more than six years after the issuing of letters, until a bill of revivor was filed in the circuit court in this case on June 20, 1898. The bill of revivor made the executors defendants, and alleged

that the stock was owned by Reid and Murdoch in partnership, and sought to charge both with liability for the unpaid balance on all the stock. The executors answered the bill of revivor, and set up and relied upon section 70 of the Administration act and the failure to exhibit the claim in the county court of Lake county within two years after the issuing of letters testamentary as a defense against any decree payable otherwise than out of estate not inventoried or accounted for within said period of two years. On July 1, 1898, the circuit court, under our mandate, determined that $68 per share was the amount remaining unpaid upon the stock of the Pacific Railway Company, and referred the question of the liability of the executors to a master in chancery. The master reported that Murdoch was liable for the unpaid portion of the capital stock held by Reid and Murdoch; that the executors were also liable for said unpaid portion, and that, as between Murdoch and the executors, each was liable for one-half of said unpaid balance. The court sustained exceptions to the report, and entered a decree against Murdoch for the amount remaining unpaid on one-half of said 625 shares and against the executors for the amount unpaid on the other half, to be paid out of the estate of Reid not inventoried or accounted for by said executors in said county court within two years after the granting of letters testamentary. The Branch Appellate Court for the First District affirmed the decree, and the case is here on further appeal.

The order reviving the suit against the executors placed the proceedings in the same state and condition that they were in at the time of the death of Simon Reid, and it is first contended that on account of that rule the decree should not have been special against the executors nor payable out of assets not inventoried or accounted for within the two years. The suit was properly revived and the liability established against the estate of Reid for the amount unpaid upon the shares of stock

owned by him, but there is no rule which would make the executors defendants in that suit during a period of more than six years after they received their letters before the bill of revivor was filed. The suit went on from the point it had reached at the death of Reid, but the question here is as to the effect of section 70 of the Administration act, and out of what assets the decree shall be satisfied. That section provides that all demands against the estate of any testator not exhibited to the court within two years from the granting of letters shall be forever barred, unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor, in which case their claims shall be paid *pro rata* out of such subsequently discovered estate. This case does not fall within any of the exceptions contained in the section, and its provisions control the rights of the parties. It requires that all demands shall be exhibited within two years after letters testamentary are issued, in order that they may share in the distribution of assets inventoried or accounted for within that time, and if this claim was not so exhibited it cannot share in such assets. The suit was pending in the circuit court against Reid at the time of his death, and if it had been revived against the executors within two years from the issuing of letters, the decree, when entered, would bind the assets inventoried or accounted for within the two years. The suit might have been so revived, but the fact that it was pending against Reid at his death does not amount to an exhibition of the claim or demand made against the estate. That can only be done by filing the claim in the county court having jurisdiction of the estate, or by bringing suit against the executors in some court of competent jurisdiction. The knowledge of the executors that there was a claim made by creditors of the Pacific Railway Company would not take the case out of the statute, which requires the claim to be exhibited in a court. It is the duty of the claimant to institute a proper proceeding upon his claim, and the

fact that the executors know that a claim is made which is not exhibited in court makes no difference. *Roberts* v. *Flatt,* 142 Ill. 485.

It is said that the claim is of such a character that it could not have been filed in the county court; but if that is so, it did not prevent suit in some other court having jurisdiction or the revival of the suit against Reid. Although the statute speaks only of county courts, it has been held that the intention was to provide a complete system for the administration and settlement of estates; that it is not to be presumed that judgments of the circuit court are to be submitted to the revision of the county court, and that such judgments sustain the same relation to assets of an estate as judgments in the county court. A judgment in either court becomes a charge against the estate. *Darling* v. *McDonald,* 101 Ill. 370; *Roberts* v. *Flatt, supra.*

It is also said that equity had taken jurisdiction of the subject matter and would retain its jurisdiction until final determination of the controversy, and, therefore, the claim need not be filed in the county court. That is true. The circuit court had a right to retain its jurisdiction; but that does not affect the question out of what assets the claim should be paid. It is immaterial in which court the proceeding is had if it is a court of competent jurisdiction, and the provision of the statute is not a bar to the revival of the suit or the commencement or prosecution of any suit, but is only a limitation upon the right to participate in assets which have been inventoried and which the law requires to be distributed to heirs or devisees.

It is asserted, however, that the claim against Reid's estate was contingent during the two years and could not be exhibited to the county court; that the estate only became chargeable when the liability became absolute, and that, therefore, the claim is not affected by the statute. As a matter of fact, the cause of action had arisen

and the suit was being prosecuted against Reid.  All the facts out of which the liability arose existed when Reid died, and the suit might have been revived when letters were issued, and have been prosecuted against the executors in the circuit court with precisely the same effect as the filing of a claim in the county court.

In support of the claim that a demand which cannot be exhibited to the county court within two years is not affected by the statute, counsel place great reliance upon the decision in *Dugger* v. *Oglesby,* 99 Ill. 405.  That suit was by a subsequent grantee against the heirs-at-law and administrator of Dugger for a breach of covenants contained in a deed executed by Dugger and wife.  The cause of action did not accrue until more than two years after the granting of letters.  The court said the limitation in question did not apply—and that was correct as to the suit against the heirs.  It was in fact applied in that case as to the administrator.  The effort of counsel to apply that decision to this case probably results from failure to notice the character of the judgment entered, which was precisely the same as the decree entered in this case.  The court said (p. 412): "The judgment order finds how much personal property and real estate came to and descended to each one of the heirs, the amount of both being $1338.02.  Judgment is then given against all the heirs and the administrator for $3315.62, to be satisfied out of the estate so descended to the heirs, with express provision that neither of the heirs be subjected to a greater liability than to the extent of $1338.02, and that the judgment as to the administrator be *quando acciderint.*"  That form of judgment was against property which should afterwards come to the hands of defendants to be administered.  (8 Ency. of Pl. & Pr. 691.)  In *Darling* v. *McDonald, supra,* the court said (p. 374): "Where the defense is successfully interposed that suit was not commenced or the claim was not exhibited within two years after the grant of letters of administration, the

judgment must be special, and payable out of assets to be thereafter inventoried, corresponding to the common law judgment of *quando acciderint*." In such a case and under such a judgment the creditor is entitled to participate in assets discovered or inventoried after the lapse of two years from the granting of letters. *Peacock* v. *Haven*, 22 Ill. 23; *Stone* v. *Clark's Admrs.* 40 id. 411; *Shepard* v. *National Bank*, 67 id. 292.

Decisions cited by counsel bearing upon the liability of heirs for the debts of persons from whom they inherit do not involve a construction of this statute, which determines what assets a creditor is entitled to share in upon the settlement of an estate.

The question here involved was decided in *Snydacker* v. *Swan Land Co.* 154 Ill. 220, which was a suit upon an assessment of shares of stock where the call was made more than two years after letters of administration were issued. It was held that the judgment could only be satisfied out of estate not inventoried or accounted for within the two years. There had been a decision in *Suppiger* v. *Gruaz*, 137 Ill. 216, relating to the filing of claims in cases of voluntary assignment, which is one of the cases now relied upon to sustain the errors assigned, but what was said in that case in argument inconsistent with the decision in *Snydacker* v. *Swan Land Co.* was expressly disapproved in the later case.

The remaining question is whether the 625 shares of stock were owned by Thomas Murdoch and Simon Reid as partners and the liability was a partnership debt for which each partner was liable, or whether Thomas Murdoch and the estate of Simon Reid are each liable for one-half of the unpaid balance. The certificate was issued to them under the name of "Reid & Murdoch." They had partnership property in the grocery business, but this was in no way connected with it, and each paid individually one-half of what was paid on the stock, with the understanding that each should own one-half of it.

A partnership has been defined to be a combination by two or more persons of capital or labor or skill, or some or all of these, for the purpose of business for their common benefit. In this case there was no purpose of that kind and no engagement in a business venture, but the stock was bought merely as an investment. It was a case of two persons buying shares of stock where each owned one-half, and was a case of tenancy in common. *Hurley* v. *Walton,* 63 Ill. 260; *Gottschalk* v. *Smith,* 156 id. 377.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*