In re Estate of Anna T. Grant, Deceased. Trenton Trust Company, Appellant, v. George E. Grant, Administrator of Estate of Anna T. Grant, Deceased, Appellee.

Gen. No. 40,344.

Opinion

filed April 26, 1939.

BUSSIAN & DEBOLT, of Chicago, for appellant.

TELL & DORGAN, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Anna T. Grant was indebted to the Trenton Trust Company of Trenton, N. J., in the sum of $15,000, and on April 25, 1927, executed two promissory notes payable to that company on demand, one in the sum of $12,000 and the other in the sum of $3,000. She died

on October 13, 1933, and on October 31, 1933, Edward E. Grant and George E. Grant, husband and son respectively, were appointed administrators with the will annexed. An inventory was filed and approved on May 3, 1934. The sole heirs and next of kin were the father and son. On May 18, 1934, George E. Grant, the son, presented his final account and report, which showed a disbursement to his father, Edward E. Grant, of $1,919.42, and a like amount to himself. The account was approved. George E. Grant, in a verified report accompanying the account, stated that ''said coadministrator further represents that there are no claims against the estate, and that all necessary disbursements, both as [to] the expenses incurred and as [to] the distribution under the Will have been made as shown in the Final Account which is filed herewith, and said coadministrator submits this as his Final Report and asks that he be discharged as coadministrator.'' Accordingly, George E. Grant was discharged as coadministrator and Edward E. Grant continued to act as the sole administrator until his death in February, 1935. On October 2, 1935, George E. Grant was appointed administrator *de bonis non* with the will annexed, and is now the administrator of the estate. Publication for claims was duly made. The Trenton Trust Company did not file its claim in the probate court of Cook county within one year from the granting of letters. On June 1, 1936, it filed a petition in the probate court in which it claimed that Edward E. Grant and George E. Grant were guilty of fraud and that because of their conduct the claim was not filed within the time limited; that the effect of such fraud, if no relief is granted, will be to enrich the Grants, and prayed that it be permitted to file its claim *nunc pro tunc* as of July 20, 1934. Issue was joined and after a full hearing, the request of claimant for leave to file

its claim was denied. Appeal was perfected to the circuit court of Cook county, where a trial *de novo* was had, which resulted in an order that the petition of claimant for leave to file its claim be denied, and that the petition be dismissed. This appeal followed.

The first point urged by the claimant is that the probate court is a court of general jurisdiction in matters of administration of estates, and that as such it exercises certain equitable powers. That court must however, administer estates in accordance with the provisions of the statute. It has power to relieve against fraud committed in proceedings before it. It is agreed that the essential question for us to determine is whether the trial court erred in denying petitioner leave to file its claim and in dismissing the petition. Therefore, it is necessary to consider the facts as applied to sec. 71, ch. 3, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 110.071] (section 70 of Administration Act) the first part of which reads as follows:

"All claims and demands of whatever class not exhibited to the court within one year from the granting of letters as aforesaid shall be forever barred as to property and estate of the deceased which has been inventoried or accounted for by the executor or administrator." It is unnecessary to consider the remaining portion of the section as it does not apply to the facts confronting us.

George E. Grant sent a letter from Woodstock, Illinois to claimant at Trenton, N. J., on November 23, 1933, advising the latter that the estate of Anna T. Grant was being administered by Edward E. Grant and himself, and giving the address of both of them. A telegram signed by George E. Grant was received by claimant on December 26, 1933. It read: "For Probate Court purposes estate of Anna T. Grant estimated worth Thirty Thousand at fair valuation Expect to be Trenton within week Will see you." George E. Grant.

visited at the offices of the claimant in Trenton the latter part of December, 1933, or the fore part of January, 1934, and talked with Allen W. Bowers, vice president of the bank. He informed Mr. Bowers that he did not know the value of his mother's estate, but would endeavor to find out. Mr. Bowers testified that George E. Grant came to his office in Trenton, on January 3, 1934, and informed him that the estate owed no debts with the exception of the two notes of the bank, gave him a list of the assets of the estate and told him that he believed the loan would be paid from the estate. On March 20, 1934, May 10, 1934, and July 11, 1934, claimant addressed letters of inquiry to George E. Grant. On July 20, 1934, claimant addressed a letter to George and Edward Grant, administrators with the will annexed, inclosing its claim against the estate of Anna T. Grant, deceased. The claim, received in evidence, bears the words: "Received the above proof of claim. Edward E. Grant, Administrator." The claim appears to be in proper form. It was not filed in the probate court of Cook county. On August 3, 1934, Mr. Justus Chancellor, attorney for the administrator, addressed a letter to claimant stating that Edward E. Grant had handed to him a claim that Anna T. Grant was indebted to claimant in the sum of $15,000 on two promissory notes supported by collateral. The letter continues as follows:

"Mr. Grant advises that there was other collateral deposited with these notes. If not shown in the note, at any rate deposited with your company. If you present your claim, is it your intention to surrender this collateral so that the estate may have the benefit? No action having been taken during the lifetime of Mrs. Grant, of course, this is her property.

"Please advise us with reference to these matters, and oblige." On August 6, 1934, claimant wrote Mr. Chancellor answering his inquiry as to the collateral

and stated that claimant would be pleased to surrender the collateral provided its loan, plus interest to date, was paid. On August 29, 1934, claimant addressed another letter to Mr. Chancellor, asking for specific information concerning the total assets and probable date of settlement. On January 17, 1935, June 28, 1935, and November 4, 1935, claimant addressed letters of inquiry to Mr. Chancellor, who replied under date of November 6, 1935, to the effect that he was no longer acting as the attorney for the estate of Anna T. Grant, and that William K. Tell of Weil & Tell, whose address he gave, represented the estate. On inquiry to Weil & Tell, claimant learned that its claim had not been filed. Thereupon it filed its petition in the probate court, which initiated the proceedings now here for review.

Claimant argues that the evidence establishes that the Grants were guilty of fraud upon the petitioner; that their course of conduct, beginning with the visit of George E. Grant and continuing with the correspondence described, justified the contention that the object they had in view was to lull the petitioner into a sense of security by stating to it at various times that the estate was worth at least $30,000, and that there were sufficient assets in the estate to pay all claims including that of the bank. It contends that as a part of the plan, George E. Grant and his father withdrew from the estate $1,919.42 each, and at the same time George E. Grant filed his final report as coadministrator and that without the misrepresentation that there were no debts, the probate court would not have permitted the Grants to take unto themselves practically the entire estate. It maintains that the actions of the Grants constitute a fraud in equity. The administrator resists the contentions by stating that there is no evidence of fraud. The record falls far short of establishing fraud. The letter written by Mr. Chan-

cellor on August 3, 1934, followed the receipt of the claim by Edward E. Grant. Chancellor's letter inquires of claimant, "if you present your claim is it your intention to surrender the collateral so that the estate may have the benefit?" That inquiry clearly put claimant on notice that the attorney for the estate did not consider that the claim had been exhibited to the court. As a lawyer, he knew it was necessary for claimant to file the claim within a year. The letter of August 3, 1934, was received by claimant in ample time for it to file its claim in the probate court. A careful analysis of the testimony and exhibits satisfies us that no fraud was committed.

Section 71, ch. 3, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 110.071], requires that all claims and demands be exhibited to the court within one year, or be forever barred. It is the established law that the knowledge of the personal representative that there was a claim made by creditors, does not take the case out of the statute, which requires a claim to be exhibited in court. See *Morse v. Pacific Ry. Co.*, 191 Ill. 356; *Roberts v. Flatt*, 142 Ill. 485; *Ankrom v. Doss*, 270 Ill. App. 464. The administrator is under no duty to file creditors' claims with the clerk of the court. In the case of *Pittsburgh Plate Glass Co. v. Blue Island Trust & Savings Bank*, 272 Ill. App. 85, the bank acted as administrator of an estate. A claimant delivered to the bank his claim which was not filed within the year allowed by the statute. He sued the bank in trespass, claiming damages because of the neglect of the bank as administrator to file his claim. In a trial before the court without a jury, the defendant was found guilty and damages assessed in the sum of $1,000 and judgment rendered on the finding. It was conceded that the estate was solvent and able to pay the claim had it been filed in apt time, and that the claim was a meritorious one. This court reversed the judgment with-

out remanding the cause. Clearly in the case at bar, there was no obligation imposed on the Grants to file the claim for the creditor.

We agree with the contention of the administrator that the partial distribution in May, 1934, did not interfere with the right to file claims in the probate court within the prescribed time. Claimant did not know until November, 1935, that its claim had not been filed. As there was no duty on the part of the administrator to file the claim, and as no fraud was committed, the fact that partial distribution was made does not have any bearing on the case. It is a fact that in his report at the time the partial distribution was approved, George E. Grant reported to the court that there were no debts against the estate. If, within the year in which claims could be filed, claimant herein or other claimants filed their claims, then the matter of requiring the administrator and his sureties to turn back the amounts received by them, would arise. As no claim was filed, that proposition does not arise.

The final point urged by claimant is that there was a premature discharge of one coadministrator, and that therefore, the statutory time for filing a claim of a creditor who had no notice thereof is suspended during the period of prematurity. When the probate court on July 20, 1934, discharged one of the coadministrators, it did not in any way limit the right to file claims. The estate was still open and the right of any creditor to exhibit his claim to the court within a year from the granting of letters was fully preserved.

Because of the views expressed, the orders of the circuit court of Cook county and the probate court of Cook county are affirmed.

*Order affirmed.*

Denis E. Sullivan, P. J., and Hebel, J., concur.