In re Estate of Arthur W. Collignon, Deceased. Ollie Besinger and Elizabeth Dreifke, Appellants, v. Ethel Collignon, Individually and Executrix of Estate of Arthur W. Collignon, Deceased, Appellee.

Gen. No. 44,119.

Opinion filed February 25, 1948.   Rehearing denied March 25, 1948.   Released for publication March 25, 1948.

REUEL H. GRUNEWALD, of Chicago, for appellants; FRANCIS M. COOPER, of Chicago, of counsel.

MADDEN, MECCIA & MEYER, of Chicago, for appellee; KENNETH G. MEYER, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal from an order dismissing petitioners' appeal to the Circuit Court from an order of the Probate Court of Cook County.

September 24, 1945 petitioners were injured in an accident involving an automobile driven by decedent. He died September 26th. October 16th letters of administration issued to respondent Ethel Collignon.

October 25th one of the petitioners filed suit in the Circuit, and the other in the Superior, Court against respondent to recover for their injuries. Respondent filed answers in both suits November 15th, 1945.

September 13, 1946 her final account in the estate was approved and she was discharged as executrix. October 2, petitioners filed their petition in the Probate Court to set aside the order of September 13. Respondent moved to strike the petition. November 7, the petition was stricken. November 13, petitioner's motion to vacate the order of November 7 was denied. Petitioner's filed their appeal bond in the Circuit Court, November 20, 1946, appealing from the several Probate Court orders. The respondent appeared specially to object to the Court's jurisdiction. On her motion the appeal was dismissed in the Circuit Court, March 13, 1947.

The grounds in respondent's motion to dismiss in the Circuit Court are the basis of the following questions presented here: Was the filing of the bond November 20, in time to bring before the Circuit Court the subject-matter of the September 13, 1946 order of the Probate Court? Are the petitioners' creditors and "persons aggrieved" under Secs. 204 and 330 of the Probate Act (Chap. 3, Pars. 356, 484, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 110.453, 110.581]) entitled to appeal from the Probate orders?

■ Respondent was discharged as executrix by the Probate Court order of September 13. An appeal bond was not filed or approved within 20 days from that date and no motion was made within 20 days for an extension of time for the filing of the bond as required by section 330 of the Probate Court Act. (Chap. 3, Par. 484, Ill. Rev. Stats.) Within 20 days from September 13, however, on October 2nd petitioners moved to vacate that order. This motion stayed the finality of the September 13 order until the motion was disposed of. *Hosking v. Southern,* 243 Ill.

320; *Corwin v. Rheims,* 390 Ill. 205. The motion was disposed of November 7. The appeal bond was filed and approved November 20. This was sufficient. In the cases cited by respondent there was no motion to vacate or set aside the judgment within the 20 days. The cases are, therefore, not pertinent.

The next question is whether petitioners were qualified to appeal to the Circuit Court under Section 330 of the Probate Act. (Ill. Rev. Stats., Chap. 3, Par. 484.)

In *Chicago Title and Trust Co. v. Fine Arts Bldg.,* 288 Ill. 142, the Supreme Court said, in referring to a claimant, in the Probate Court, for several years' unaccrued rent, that the holder of a contingent claim is not a creditor of an estate. In *Union Trust v. Shoemaker,* 258 Ill. 564, decedent died before, and his estate was settled two years before, judgment against his surviving partners in a replevin action where the partnership had given bond. The court held decedent's liability was contingent. It said in referring to section 67 of the Administration Act (now section 193 of the Probate Act) that that section referred to claims where there was an absolute liability with payment postponed. The Supreme Court said in *Howard v. Swift,* 356 Ill. 80 that a contingent claim which had not developed into an absolute liability cannot be proved and allowed in the Probate Court against an estate. It decided there that a claim based on fraud of the decedent, where there was no claim that he gained financially, was a tort claim not within the jurisdiction of the Probate Court. It implied that, had the claim made out a case of money had and received, the court would have had jurisdiction. The reason for the decision was not that a tort claim is contingent, but that the claim was based on tort. In the *Fine Arts case* the court pointed out that the liability on the lease was contingent because the property leased might have been destroyed before the rent accrued. That is different from the instant case where the injury has been

suffered and the question of decedent's liability not yet determined.

The jurisdiction of the Probate Court is not limited to claims where the liability of the estate is determined. If it were, there would be no need of providing in the Probate Act for the filing of pleadings and trying issues, by jury if desired, made thereon. Furthermore, the Supreme Court has held that tort claimants are creditors entitled to letters of administration. *Furst v. Brady,* 375 Ill. 425. It follows they are persons aggrieved. *Sutherker v. Richter,* 261 Ill. App. 547.

The Probate Court being without jurisdiction to entertain petitioners' claims (*Howard v. Swift*), their suits were properly filed in the Circuit and Superior Courts. *Morse v. Pacific Ry.,* 191 Ill. 356. Claims *may* be filed in the Probate Court (Sec. 192, Probate Court Act, Par. 344, Chapter 3, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 110.441]), and that Court's jurisdiction does not exclude the jurisdiction of other courts. Chap. 3, Sec. 359, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 110.456]. Petitioners filed their claims within the 9 month period provided in the Probate Act, (*Roberts v. Flatt, et al.,* 142 Ill. 485), and, therefore, *Wallace v. Chicago & Erie Stove Company,* 46 Ill. App. 571 and *Sutherker v. Richter* are not applicable. Respondent was served with summons and she answered the suits. There was, therefore, sufficient *exhibition* of the claims. *Diversey, Admx. v. Johnson, Admx.,* 93 Ill. 547. This conclusion is consistent with the ruling in the case, *In re Estate of Grant,* 300 Ill. App. 179.

We conclude that the petitioners were entitled to appeal to the Circuit Court. The order of that court dismissing their appeal was erroneous.

The order of the Circuit Court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

LEWE, P. J., and BURKE, J., concur.