Daniel Bosnak and Anna Bosnak, Petitioners-Appellants, v. Helen Murphy, Executor of the Estate of Victoria A. Miller, Respondent-Appellee.

**Gen. No. 48,053.**

First District, First Division.

November 21, 1960.

Coghlan & Coghlan, of Chicago (John P. Coghlan, Jr., of counsel) for appellants.

Victor Neumark, of Chicago (C. A. Caplow and Victor Neumark, of counsel) for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Petitioners, Daniel Bosnak and Anna Bosnak, who are plaintiffs in a Circuit Court tort action, appeal from a Probate Court order, which denied their petition to vacate an order approving a final account and discharging the executor.

The facts are not in dispute. Victoria A. Miller died testate on September 27, 1957, and on November 15, 1957, letters testamentary were issued by the Probate Court of Cook County to Helen S. Murphy. On May 19, 1958, the inventory was filed. On August 18, 1958, the Probate Court approved the final report and account of Helen S. Murphy, the estate was closed, and she was discharged as executor.

On August 21, 1958, petitioners, pursuant to notice mailed on August 18, 1958, at 5:00 P. M., appeared in the Probate Court to "suggest of record the filing in the Circuit Court of Cook County, a certain action entitled, 'Daniel and Anna Bosnak v. Helen S. Murphy, as Executor of the estate of Victoria A. Miller, deceased,' No. 58 C 11413." Leave was granted "to file notice and petition for re-opening estate of Victoria A. Miller." The petition filed on September 2, 1958, substantially alleges that the Bosnaks and Victoria A. Miller were adjoining home owners in Chicago, and Victoria A. Miller negligently permitted a tree on the rear of her premises to fall over and damage the Bosnak garage; that on August 13, 1958, they filed in the Circuit Court of Cook County, a complaint against Helen S. Murphy, as executor; that summons was issued thereon that day, but it was not served on Helen Murphy until August 25, 1958, because she evaded prior service; that the executor knew of the Bosnak claim prior to August 13, 1958, and on August 15, 1958, her attorney was informed by telephone that the suit was filed on August 13, 1958. The petition prays that the court "vacate the order of August 18, 1958, approving the Final Account and discharging the Executor, Helen Murphy."

The answer of Helen Murphy admits the filing of the Circuit Court suit on August 13, 1958, and service of summons on August 25, 1958. She denies evading service and states she learned about the suit on August 20, 1958. She alleges that no claim was filed or exhibited in the estate within the time limited by law, and that the Circuit Court case summons was served on her ten days after the time limited by law for the filing or exhibiting of claims in the estate, and seven days after the closing of the estate and her discharge as executor; that the inventoried assets have been distributed, and there are no uninventoried assets.

After the submission of supporting memoranda, the Probate Court denied the Bosnak petition. Petitioners' appeal was taken directly to this court, because damages claimed amount to $5,000.

■ It is conceded that the claim is a tort action, properly filed in the Circuit Court (Howard v. Swift, 356 Ill. 80, 86, 87, 190 N. E. 102 (1934)); that the tort complaint was filed in the Circuit Court "within nine months from the issuance of letters testamentary"; and that neither a summons was served on the executor nor a claim filed in the Probate Court "within nine months from the issuance of letters." The determinative question is whether this is sufficient to entitle petitioners, if successful in their tort action, to be paid from the estate "inventoried within nine months from the issuance of letters."

The procedure to be followed in asserting claims against estates of decedents, from filing to payment, is set forth in the various sections of Article XVII of the Probate Act, approved in 1939 (Ill. Rev. Stat. 1957, Ch. 3). Section 204, entitled "Limitations on payment of claims" (Ill. Rev. Stat. 1957, Ch. 3, ¶ 356), contains the provision that all claims against the estate of a decedent, "not filed within nine months from the issuance of letters testamentary or of administration, are

barred as to the estate which has been inventoried within nine months from the issuance of letters."

It has been stated that the time limitation section on claim filing is "a specific act adopted for the particular purpose of facilitating the early settlement of estates," and that "the presentation of the claim itself confers jurisdiction of the subject matter upon the court." In re Estate of Bird, 410 Ill. 390, 395, 400, 102 N.E.2d 329 (1951); Austin v. City Bank of Milwaukee, 288 Ill. App. 36, 43, 5 N.E.2d 585 (1936).

Although limitation sections, effective prior to the present Probate Act, barred claims "not exhibited" to the court, and cases which construed these various limitation provisions consistently refer to claims "not exhibited" or claims "not filed," we believe the language and decisions of these earlier cases are controlling in interpreting section 204 in its application to the instant situation.

These cases uniformly hold that a claim "not exhibited within the time fixed by statute is barred from participating in the distribution of the inventoried assets. (Morse v. Pacific R. Co., 191 Ill. 356, 361, 61 N. E. 104 (1901); Durflinger v. Arnold, 329 Ill. 93, 99, 160 N. E. 172 (1928); In re Estate of Bird, 410 Ill. 390, 396, 102 N.E.2d 329 (1951); In re Estate of Grant, 300 Ill. App. 179, 185, 20 N.E.2d 817 (1939). "It is the duty of the claimant to institute a proper proceeding upon his claim, and the fact that the executors know that a claim is made which is not exhibited in court makes no difference." (Morse v. Pacific R. Co., 191 Ill. 356, 361, 362, 61 N. E. 104 (1901); In re Estate of Grant, 300 Ill. App. 179, 185, 20 N.E.2d 817 (1939).) Neither the Probate Court, nor an executor or administrator, nor the distributees or legatees of the estate, can waive the filing of a claim within the time fixed by statute. Austin v. City Bank of Milwaukee, 288 Ill. App. 36, 42, 44, 5 N.E.2d 585 (1936).

Section 207 provides that the provisions of Article XVII, relating to the jurisdiction of the Probate Court over claims against estates, shall not be construed to exclude the jurisdiction of other courts, and it has been held, in these non-Probate Court actions filed within the limitation period, that service of summons on the administrator was sufficient exhibition of the claim. (In re Estate of Collignon, 333 Ill. App. 562, 566, 77 N.E.2d 841 (1948); Diversey v. Johnson, 93 Ill. 547, 559 (1879).) We note that in both of these cases, the summons was served within the limitation period.

■ We believe these cases have determined that the statutory filing of claims must be made in the Probate Court during the limitation period in order to participate in inventoried assets, but that as to claims over which the Probate Court has no jurisdiction because of nature and content, the filing of the action in a court of competent jurisdiction will be sufficient for participation in the inventoried assets, if, during the limitation period, either service of summons be made on the executor or a filing of the claim be made in the Probate Court. If there were no such requirement as to claims based on actions not within the jurisdiction of the Probate Court, neither the Probate Court nor the executor could ever promptly close an estate with safety, and the purpose of the limitation period, "of facilitating the early settlement of estates," would be frustrated.

■ The administration of an estate in the Probate Court is not an action between party and party, but is in the nature of a proceeding in rem, acting directly on the res, which is the estate of the deceased, and the judgment of the Probate Court settling the estate of the deceased is a judgment in rem. (Mosier v. Osborn, 284 Ill. 141, 147, 119 N. E. 924 (1918).) In the absence of fraud, courts will afford protection to an administrator who, in good faith, has distributed

the assets of the estate pursuant to the court's order. (In the Matter of Estate of Togneri, 296 Ill. App. 33, 42, 15 N.E.2d 908 (1938).) If fraud is exercised in procuring a closing judgment, the Probate Court has jurisdiction to vacate the same, but the burden is upon the person alleging it to establish the charge by clear and convincing evidence. It is presumed that the administrator acted in good faith and with honest motives, until the contrary is established. In the instant case, the executor was not one of the distributees, and she waived her executor's fees. There is nothing in the record from which the court could fairly find that fraud had been exercised by the executor.

Accordingly, we hold that in the instant case the motion to spread of record in the Probate Court, the Circuit Court action, came too late, and the court was correct in denying the petition to reopen the estate, there being no representation as to the existence of uninventoried assets. Therefore, the order of the Probate Court is affirmed.

Affirmed.

KILEY, P. J. and BURMAN, J., concur.