Paul F. Ilg, Plaintiff-Counterdefendant, Appellant, v. Continental Illinois National Bank and Trust Company, Defendant-Counterplaintiff, Appellee, Edens Industrial Park, Inc., et al., Defendants-Counterdefendants.

Gen. No. 52,430.

First District, Second Division.

April 9, 1968.

Peterson, Lowry, Rall, Barber & Ross, of Chicago (John R. Porter, of counsel), for appellant.

Chapman and Cutler, of Chicago (Abbey Blattberg, Robert V. Lewis, and James N. Zartman, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiff, Paul Ilg, filed this action for a declaratory judgment to establish the validity of an assignment of a partial interest in a lease of real estate. The trial court granted a motion filed by defendant, Continental Illinois National Bank and Trust Company of Chicago, hereinafter referred to as "defendant," for judgment on the pleadings. Plaintiff appeals.

Prior to October 1, 1961, Robert Ilg, Sr., was vested of the fee title to a parcel of real estate located in the Village of Niles. Under a document dated October 1, 1961, he leased said premises to Edens Industrial Park, Inc., hereinafter referred to as "Edens," for a term of forty years at a rental of $15,000 per year, with renewal options for four additional fifteen-year periods. Rental payments for the first five years of the lease were subject to a $3,000 yearly deduction for real estate broker's commissions.

Also executed by Robert Ilg, Sr., and dated October 1, 1961, were three separate assignments of interest in the Edens lease, each assignment being a 25% interest to each of his three children, plaintiff and defendants, Robert Ilg, Jr., and Virginia Ilg Houser, constituting 75% of the total interest in the lease.

From the date of execution of the lease until the death of Robert Ilg, Sr., on December 25, 1964, Edens paid the stated rentals directly to Ilg, Sr., or for his account, pursuant to the terms of the lease. It is undisputed that no notice was given to Edens of the execution of the assignments by Ilg to his three children. The record shows that on August 1, 1963, the lease was amended in certain respects, the amendment having been executed by Ilg, Sr., and assented to by his spouse; it does not appear that any of the three Ilg assignee-children were involved in the amendment. Letters testamentary issued to defendant on May 21, 1965, and Edens made the rental payments required under the lease directly to defendant as executor and trustee under the Last Will and Testament of Robert Ilg, Sr. Subsequent to the date of October 1, 1961, Robert Ilg, Sr., made disbursements to each of his three children in amounts of $2,997, $3,000 and $2,250 for the years 1962 through 1964 respectively.

The inventory filed in the estate of Robert Ilg, Sr., was approved in January 1966 and included the following items:

"2. Edens Industrial Park, Inc.

"Rent check dated October 30, 1964     $1,000.00
"Rent check dated November 27, 1964   $1,000.00

. . . . . .

"6. Lot 9 in the Assessor's Division . . . (setting out the complete legal description of the parcel of real estate in question to which the lease to Edens is subject.)

"Unimproved.

"The above property is subject to a lease between decedent and Edens Industrial Park, Inc., dated October 1, 1961."

On March 7, 1966, plaintiff wrote a letter to defendant demanding 25% of the rentals theretofore collected and being held by defendant in connection with the lease, asserting that he was entitled thereto by virtue of the partial assignment of the Edens lease from his father on October 1, 1961. The demand was refused by defendant.

Shortly thereafter plaintiff filed the complaint herein for declaratory judgment seeking, inter alia, a declaration of rights and obligations between the parties with respect to the assignment; a declaration that the assignment was lawful, valid and binding; a judgment for plaintiff in an amount equal to 25% of the rentals theretofore collected and being held by defendant under the lease; and a decree requiring defendant to pay plaintiff 25% of all future rentals it collected with regard to the lease.

Defendant's answer denied the execution of the assignments of interest in the Edens lease as alleged in the complaint. A counterclaim set up the affirmative defense that plaintiff's cause of action constituted a claim against the estate of Robert Ilg, Sr., which had not been filed within the nine-month statutory period then provided for the filing of claims and that the cause of action was

146

consequently barred as to all assets inventoried in the estate within the nine-month period. Ill Rev Stats 1965, c 3, par 204. (The present limitation period is seven months. See Ill Rev Stats 1967, c 3, par 204.) Plaintiff's reply thereto requested that the matters set up therein be rejected.

Defendant filed its motion for judgment on the pleadings in February 1967, alleging that plaintiff's cause of action was in reality a claim against assets inventoried in the Ilg estate within nine months after letters testamentary had issued and that, as such, it was not filed within the time prescribed for the filing of claims against assets inventoried in an estate. Defendant moved for judgment on the pleadings barring plaintiff's action against all assets inventoried in the estate within the said nine-month period.

Plaintiff's answer to the motion admitted that no claim had been filed, but denied that the rentals in question were a part of the Ilg estate, denied that plaintiff's 25% interest in the lease was ever included in the inventory filed and approved in January 1966, and denied that the provisions of the Probate Act recited in the motion constituted a bar to the relief sought by plaintiff's action for declaratory judgment. In its reply thereto, defendant admitted that it had knowledge of the assignments made by Robert Ilg, Sr., at the time the inventory was filed and approved. Judgment was entered for defendant and against plaintiff on defendant's motion in May 1967, and this appeal followed.

We are of the opinion that plaintiff's action for a declaratory judgment constitutes a claim against the estate of Robert Ilg, Sr., and that the failure to file the claim within the period prescribed by statute barred the claim with respect to those assets inventoried within the claim period.

Section 171 of the Probate Act requires the executor of an estate to file an inventory of all property

comprising the decedent's estate, both real and personal. Ill Rev Stats 1965, c 3, par 171. The inventory constitutes an initial listing of assets, title to which may or may not in fact be in the decedent. Thus, it has long ago been reasoned that the statutory provision requiring an executor to file an inventory of a decedent's property with the court involves a "preliminary investigation to determine probabilities, and not ultimate rights" and that the matter of disputed property is thereby brought before the court, "so that an adjudication in the interest of the estate on such property may be had." Simms v. Guess, 52 Ill App 543, 546. Once such asset has been inventoried in an estate, the burden then devolves upon the party who likewise claims title to or an interest in the asset to take such necessary and timely steps to preserve whatever interest he may have therein. The filing of a claim within the statutory period preserves the question of disputed title until the merits can be determined at some later time, and conversely, a claim not filed within the time prescribed by the statute is barred as to all assets inventoried in an estate within the claim period. See Bosnak v. Murphy, 28 Ill App2d 110, 170 NE2d 640.

The undisputed circumstances brought out through the pleadings establish that defendant did not act arbitrarily in listing the entire Edens lease as an asset of the estate of Robert Ilg, Sr., albeit defendant had knowledge of the assignment to plaintiff of 25% of the Edens lease prior to filing the inventory, and further that in listing the lease as an asset of the estate, defendant had a right to question the validity of the assignment. The assignment, as appears on its face, was executed on October 1, 1961, the same day the Edens lease was executed, yet the amounts of money which plaintiff claimed to have received for the years 1962 through 1964 pursuant to the assignment were not proportionately equal to a 25% fraction of the yearly rentals called for under the lease (less the stated deduction therefrom for the real estate

148

broker's commissions). Furthermore, although both the lease and the assignment bear the execution date of October 1, 1961, plaintiff does not claim to have received any moneys for the last three months of 1961 to which he was otherwise entitled as assignee.

For over three years while the lease was in effect prior to the death of Robert Ilg, Sr., rental payments were made directly to him or for his account, and after his death the payments were made directly to defendant as executor of the estate. For a period of 14 months from the death of Robert Ilg, Sr., plaintiff made no claim to any portion of the rentals collected and held by defendant. The pleadings also reveal that the lease was amended in August 1963, that the amendment bears the signature of the decedent alone, with his spouse assenting to the amendment, and that none of the assignees was a party thereto. Under the circumstances defendant was justified in listing the entire Edens lease as an asset of the estate.

■ ■ The rental checks and the lease having been fully represented on the inventory, as appears above, plaintiff was given adequate notice that defendant was claiming the entire lease as part of the estate of Robert Ilg, Sr. Plaintiff was therefore put on notice that he possessed a claim against the estate, as defined under section 2(j) of the Probate Act, Ill Rev Stats 1965, c 3, par 2(j), and it consequently became incumbent upon him to file a claim to a 25% share of the rentals of the lease within the time prescribed by the statute. Having failed to do so, the trial court properly entered judgment on defendant's motion for judgment on the pleadings. The fact that defendant admittedly knew of the assignment within the statutory period set for the filing of claims gave plaintiff no right to assume that his claim would be honored by the defendant. It is the duty of the prospective claimant to institute a proper proceeding upon his claim and exhibit the claim in court. See In re Estate of

149

Grant, 300 Ill App 179, 20 NE2d 817; Bosnak v. Murphy, 28 Ill App2d 110, 114, 170 NE2d 640.

Plaintiff maintains that his complaint alleged that the decedent had assigned a 25% interest in the lease to him and that this fact was admitted by virtue of defendant's motion for judgment on the pleadings, citing such cases as Thillens, Inc. v. Hodge, 2 Ill2d 45, 116 NE2d 886, and Milanko v. Jensen, 404 Ill 261, 88 NE2d 857, in support thereof. However, overlooked by plaintiff in this regard is the fact that the record bears out that the entire lease was claimed as an asset of the estate of Robert Ilg, Sr., by the defendant, casting upon plaintiff the burden of filing a timely claim in order to preserve for a later determination whatever interest he may have had in the Edens lease. Therefore, a determination of the validity of the assignment to plaintiff by the decedent became secondary to the necessity of plaintiff perfecting his right to try that question, by his filing a timely claim. In re Estate of Stahl, 305 Ill App 517, 27 NE2d 662; Bosnak v. Murphy, 28 Ill App2d 110, 170 NE2d 640.

Plaintiff also advances the indisputable proposition of law that an executor stands in the shoes of his decedent and acquires the same interest in property as the decedent had. Kinder v. King, 180 Ill App 62, 66. This, however, has no bearing on the question here involved, namely, whether plaintiff filed a timely claim, having received adequate notice that the defendant was listing the entire Edens lease as an asset of the estate of Robert Ilg, Sr.

Plaintiff finally maintains that the trial court erred in holding that section 204 of the Probate Act was applicable to his action for declaratory judgment. Ill Rev Stats 1965, c 3, par 204. Plaintiff reasons that because section 172 of the Act required the inventory filed by defendant to list all of the decedent's real estate, together with all improvements and encumbrances thereon, and that because there appeared no notation on the inventory filed

150

in the estate which could be construed as a description of his 25% interest in the lease, as allegedly required by section 172, such failure to inventory the 25% interest "removed such item for (sic) the operation of the time limitation provided in Section 204" inasmuch as claims not filed within nine months from the issuance of letters were barred as to those assets inventoried within the nine months. Ill Rev Stats 1965, c 3, pars 172, 204. Although plaintiff makes the allegation that his 25% interest in the Edens lease should have been listed on the inventory of assets, he advances no valid ground to support this allegation. On the contrary, the Edens lease constituted an encumbrance upon the title of the real estate in question and was listed as such on the inventory, as required by section 204 of the Act; a partial assignment of the lease did not itself constitute a lien, mortgage, or the like, upon the real estate itself. Furthermore, all the rights under the Edens lease, including the right to the stated rentals therefrom, were claimed by defendant as an asset of the estate; the assignment of the 25% interest in the lease to plaintiff therefore constituted a partial assignment of that asset itself. Consequently, plaintiff cannot be heard to argue on the one hand, that he received an outright assignment of 25% of the asset and on the other hand, that such partial assignment should have been listed as an asset of the estate. Thus, being neither an asset of the estate of Robert Ilg, Sr., nor an encumbrance upon the real estate to which decedent had title, defendant was not required to list plaintiff's 25% interest on the inventory.

Furthermore, the fact that defendant had knowledge of the assignment prior to its filing of the inventory did not place upon defendant the burden of initially "repudiating" or "challenging" the potential claim, as plaintiff's argument implies. As stated above, the burden was upon plaintiff to take the timely and necessary steps to perfect his claim to the property and exhibit the claim before the

court, Bosnak v. Murphy, 28 Ill App2d 110, 170 NE2d 640, after he had been placed on notice that the property had been listed as a possible asset belonging to the decedent. Simms v. Guess, 52 Ill App 543.

For these reasons the judgment is affirmed.

Judgment affirmed.

McNAMARA and LYONS, JJ., concur.