*In re* ESTATE OF FRANCIS H. WAGNER, Deceased (Norma E. Wagner, Adm'r with the Will Annexed of Francis H. Wagner, Petitioner-Appellant, v. Federal Deposit Insurance Corporation *et al.*, Respondents-Appellees).

First District (2nd Division) No. 1—88—1583

Opinion filed June 20, 1989.

Gardner, Carton & Douglas, of Chicago (Quin R. Frazer, Todd G. Frank, and Mary Beth Cyze, of counsel), for appellant.

Mayer, Brown & Platt, of Chicago (George N. Vurdelja, Jr., and Patricia Brosterhous, of counsel), for appellees.

JUSTICE EGAN* delivered the opinion of the court:

The petitioner, Norma E. Wagner, the widow of Francis H. Wagner, became the administrator with the will annexed of her husband's estate. Among the claims made against the estate were those of the Internal Revenue Service (IRS) for certain income tax deficiencies. Since she and her husband had filed joint returns for the years questioned by the IRS, she paid some of them, as well as claims from the Illinois Department of Revenue. She did not file any claim individually for contribution from the estate. She did, however, file a declaratory judgment complaint against the estate in her capacity of administrator seeking a ruling that would permit her to recover individually as a third-class claimant for payments that she had made and might be required to make in the future to the IRS and as a sixth-class claimant for payments made or to be made to the Illinois Department of Revenue.

The Federal Deposit Insurance Corporation (FDIC), a seventh-class claimant against the estate, filed a response to the declaratory judgment complaint. Although entitled a "response," since it raises only questions of law and seeks dismissal of the complaint, we deem it to be a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). One part of the response alleged that the complaint was insufficient in form in that it did not have certain documents attached. That part of the response would be brought under section 2—615 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—615); but that argument is not an issue here, although the respondent has made a passing reference to it.

The trial court dismissed the complaint, ostensibly on the ground that it constituted a claim and was filed too late. Since the complaint was dismissed on the pleadings, the well-pleaded allegations will be taken as true, contrary to the respondent's argument. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) The petitioner and Francis Wagner had been married for 32 years at the time of his death on May 24, 1985; and throughout their marriage they had always filed joint tax returns. She contributed little or no income during their marriage, and she did not concern herself with her husband's business arrangements. She always signed the joint income tax returns prepared by her husband's accountant without material knowledge of the facts presented in them. The income

---

*Justice Egan participated in the decision of this case prior to his assignment to the sixth division.

tax returns for the years ending December 31, 1971-1976, were audited by the IRS regarding the deductibility of certain investments made by her husband. Additionally, the income tax returns for the years ending December 31, 1977, 1978 and 1980 as well as subsequent years were audited with respect to the deductibility of her husband's interest in a particular company.

Her husband died in May 1985; and on November 4, 1985, the IRS assessed tax deficiencies totalling $361,000 after disallowing various deductions and credits arising from her husband's investments as reflected in the 1972 and 1975 joint returns.

In 1986, she paid $46,754.15 of her own money to the IRS as a result of other deficiencies for the years 1977 and 1978 and $9,102.33 to the Illinois Department of Revenue for deficiencies for the years 1975 and 1976. The estate was unable to pay Mr. Wagner's debt to the IRS because the estate was illiquid and insolvent and, as a result, the IRS proceeded to seize certain of Mrs. Wagner's assets, including her home, in order to satisfy Mr. Wagner's debts to the IRS. Under the Internal Revenue Code persons filing a joint return are subject to joint and several liability for a deficiency resulting from that joint return.

The petition legally concluded that Mrs. Wagner was entitled to contribution for any payment that she might make in excess of her fair share and that her fair share was zero. It further legally concluded that she was entitled to contribution through subrogation and that she was subrogated to the rights of the IRS and the Illinois Department of Revenue.

This appeal is brought by the petitioner in her capacity as administrator of the estate and not individually. The respondent agrees that the petitioner would have been entitled to contribution if she had filed a claim in time. The petitioner concedes that she did not file the claim within the statutory time requirement. She argues that, since she stands in the shoes of the IRS and since the IRS recognizes no Illinois statutory restrictions in advancing its claims, neither need she. The respondent does not agree that the petitioner is subrogated to the position of the IRS. Whether the petitioner is so subrogated is the principal issue in the case.

Before that issue need be addressed, we must first consider the respondent's motion to dismiss the appeal on the ground that the petitioner, as administrator, is not a party aggrieved by the court's order and, therefore, lacks standing to bring this appeal. The case principally relied upon by the respondent is *In re Estate of Tingos* (1979), 72 Ill. App. 3d 703, 390 N.E.2d 1349. In that case, an execu-

tor appealed from an order requiring him to make partial distribution of the estate's assets to two heirs and legatees. The executor contended that the order was in error because it failed to require a refunding bond. The appellate court dismissed the appeal, making the following observation:

"The vast majority of cases in other States hold that an executor generally has no right to appeal from an order granting or denying partial distribution. (See Annot., 16 A.L.R.3d 1274, 1277, and numerous cases cited at 2378-80 (1967).) The rationale behind the rule is said to be that since the executor is in essence a stakeholder, he is not a party aggrieved by the partial distribution order and is not bound to litigate the conflicting claims of beneficiaries and creditors at the expense of the estate. (16 A.L.R.3d 1274, 1277.) In addition, in the absence of fraud, the court will protect an executor or administrator who distributes assets pursuant to court order (16 A.L.R.3d 1274, 1277; accord, *e.g., Bosnak v. Murphy* (1960), 28 Ill. App. 2d 110, 170 N.E.2d 640), and therefore the executor has no interest in that regard." *Tingos,* 72 Ill. App. 3d at 711.

The petitioner seeks to distinguish *Tingos* because this case does not involve a distribution order. This is a distinction without a difference. Indeed, the rationale of *Tingos* is even more compelling in this case since no distribution was sought. At least in a case ordering distribution, the assets of the estate are diminished. In this case, the only thing sought was a declaration that one claimant was to have preference over another. How that should be of any concern of the administrator escapes us.

The annotation in 129 A.L.R. 922 (1940) includes many appeals by administrators of orders dealing with their personal claims. All the cases stand for the general principle that an administrator may not appeal in his representative capacity from an order affecting his personal rights as an heir or legatee. (See, *e.g., Dickey v. Herbin* (1959), 250 N.C. 321, 108 S.E.2d 632; *In re Estate of Wakefield* (1968), 258 Cal. App. 2d 274, 65 Cal. Rptr. 664; *In re Estate of McCabe* (1970), 11 Ariz. App. 555, 466 P.2d 774.) Our research has disclosed only one Illinois case dealing with the right to maintain an appeal by an executor who also has a personal interest in the estate. (*Teel v. Mills* (1904), 117 Ill. App. 97.) In that case, the appellate court upheld the right of the executor to maintain the appeal because the subject matter under consideration was the executor's final report to which exceptions were taken. That case does not support the petitioner's position here.

■■ ■ Under the Probate Act of 1975 (the Probate Act) (Ill. Rev. Stat. 1987, ch. 110½, par. 18—12), with certain exceptions not pertinent here, all claims against an estate must be filed within six months of the issuance of letters of office; claims which are not timely filed within the statutory period are barred. (Ill. Rev. Stat. 1987, ch. 110½, par. 18—12.) If the executor or administrator has a claim against the estate, he must file his claim as other persons; and the court may appoint a special administrator to appeal and defend for the estate. *The court may permit the special administrator to prosecute or defend an appeal from the allowance or disallowance of the claim.* (Ill. Rev. Stat. 1987, ch. 110½, par. 18—8.) The circuit court of Cook County has promulgated a rule requiring an administrator filing a personal claim to apply to the probate judge at the time of filing his claim for the appointment or waiver of a special administrator to appear and defend for the estate. (Cir. Ct. Cook County R. 12.10(b) (1987).) In our view, the declaratory judgment action filed by the petitioner was a "claim" within the meaning of the Probate Act, and it was solely for the personal benefit of the petitioner. We are not persuaded to hold otherwise, because, as the petitioner argues, the estate would be paying no more to her than it would be required to pay to the IRS and the State of Illinois. It seems apparent that the statute and the circuit court rule were designed to avoid the very situation that exists in this case—the use of estate assets to finance a claim for the personal benefit of an administrator or executor.

The petitioner also advances the argument that is set out in its reply brief as follows:

> "One exception to the *In re Estate of Tingos* standard is where compliance with an order might subject the administrator or executor to personal liability. [Citation.] Had appellant followed the Circuit Court Order, which denied the Petition Seeking Declaratory Judgment, there remained doubt in the mind of the Administrator as to whether she would upon distribution in fact be paying the correct parties, and if not, whether she as Administrator would be subject to personal liability."

The case cited in support of the petitioner's position that she might be subjected to personal liability is *Graf v. Engebretson* (1938), 66 S.D. 45, 278 N.W. 28. That case is from a jurisdiction whose holdings were not accepted by this court in *Tingos*. Moreover, as *Tingos* pointed out, it is the law of this State that one who distributes assets pursuant to court order will be protected in the absence

of fraud. (*Bosnak v. Murphy* (1960), 28 Ill. App. 2d 110, 170 N.E.2d 640, cited in *Tingos*, 72 Ill. App. 3d at 711.) For these reasons, we hold that the petitioner, as administrator, is not an aggrieved party and has no standing to bring this appeal; and the appeal is dismissed.

Appeal dismissed.

BILANDIC, P.J., and SCARIANO, J., concur.